NEPTUNE STEAM NAV. CO. *v.* SULLIVAN TIMBER CO.

(*District Court, S. D. New York.* November 26, 1888.)

ADMIRALTY — JURISDICTION — SUITS BETWEEN NON-RESIDENTS — SERVICE ON AGENT OF CORPORATION.

Admiralty courts have a discretion as to entertaining suits between foreigners; and a transaction taking place in Florida, where all the officers of defendant corporation resided, and the libelant being an English corporation, *held,* that no comity or reasons of justice or of superior convenience, so far as appeared, demanded relief in this district, and service on a limited agent here was set aside.

In Admiralty. Motion to set aside service of process on an alleged agent of a Florida corporation.

*Seward, Da Costa & Guthrie,* for libelant.

*L. Laflin Kellogg,* for defendant.

BROWN, J. Upon the language of the marshal's return, stating service only on Bailey, as well as upon the affidavits of Bailey and Carlan, I cannot find that the citation was served upon Carlan. Mr. Elliott's affidavit says it has always been understood that Carlan was the defendant's "managing agent." The directory does not indicate Bailey as agent, and the card attached to the affidavit does not so represent him. I cannot, therefore, find service on Bailey sufficient.

Had Carlan been served the question would have been more embarrassing. Under the New York Code (section 1780) it would seem that no action would lie in the present case in the state courts, for both parties are non-resident, the cause of action did not arise here, and the defendant has no property here. Courts of admiralty have a discretion as to entertaining suits between foreigners. This whole dealing being in Florida, where all the officers reside, and the libelant being an English corporation, no comity, or reasons of justice or of superior convenience, are shown to demand relief here, when full relief is easy within the jurisdiction where the transaction was had. Besides that, I doubt if an agent whose authority is limited to a distinct branch of business here, represents the corporation as to matters wholly outside of that branch of business, so that, as respects the latter business done elsewhere, he can be held to be in any sense such a "managing agent" as to make the corporation "found" in his person within this state. Admiralty Rules, 2, 3, 25. See *St. Clair v. Cox,* 106 U. S. 350, 356, 359, 1 Sup. Ct. Rep. 354; *Hat Sweat Co. v. Davis,* 31 Fed. Rep. 294.

¹Reported by Edward G. Benedict, Esq., of the New York bar.