## ORR v. UNITED STATES.

### No. 203, Docket 21262.

United States Court of Appeals
Second Circuit.

April 4, 1949.

Rehearing Denied May 25, 1949.

William L. Standard, of New York City (Jacquin Frank and Gilda Tedesco, both of New York City, of Counsel), for libellant-appellant.

Kirlin Campbell Hickox & Keating, of New York City (Raymond Parmer and Joseph M. Cunningham, both of New York City, of counsel), for respondent-appellee.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

The seaman, Hugh Orr, while serving as third mate on the tanker S. S. Elwood, a vessel owned, operated and controlled by the United States, filed a libel in the Southern District of New York against the latter to recover damages for personal injuries and for maintenance and cure. The United States filed an answer denying the allegations of the libel on the merits and also alleged as a separate defense the following:

"That at the time of the filing of the libel herein, the S. S. Elwood was not within the jurisdiction of the Southern District of New York.

"That it has not any knowledge or information thereof sufficient to form a belief as to whether or not the libelant was a resident of the Southern District of New York at the time of the filing of the libel herein and it leaves the libelant to his proof thereof. If libelant at the time of the filing of this libel was not a resident of the Southern District of New York, respondent objects to being sued in the Southern District of New York."

Section 2 of the Suits in Admiralty Act, 46 U.S.C.A. § 742, provides that suits brought against the United States under that Act "shall be brought in the district court of the United States for the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States, or in which the vessel or cargo charged with liability is found." The United States made a motion to dismiss the libel on the ground that the suit had not been brought in the proper district. The libellant submitted an affidavit which showed that when the libel was filed and during the pendency of the suit he was not a resident of the Southern

District of New York. It also appeared that the S. S. Elwood was not at that time within the Southern District of New York. For these reasons the District Judge dismissed the suit.

While the facts as to the libellant's residence and the whereabouts of the S. S. Elwood are not disputed, libellant claims that the United States had waived any objection it might have to the venue in the Southern District of New York by pleading to the merits. But although the Supreme Court held that improper venue may be waived, Hoiness v. United States, 335 U.S. 297, 69 S.Ct. 70, in Untersinger v. United States, 2 Cir., 172 F.2d 298, we recently decided that a party may plead to the merits and at the same time object to the venue, without losing any right to insist on its objection.

The libellant further argues that he set forth his residences in California, Illinois, and later in California, in answer to respondent's interrogatories so that the latter well knew that libellant was not a resident of the Southern District of New·York. He therefore contends that respondent, if it wished to continue its objection to the venue, should have promply moved for a dismissal instead of continuing to rely on the objections raised in its separate defense and delaying its motion to dismiss a number of months. But the separate defense still existed and the contention that it was waived by not moving promptly seems to us without merit. It is based on no authority that we are aware of and if sustained would deprive the respondent of the right to obtain a proper venue either under the provisions of Section 2 of the Suits in Admiralty Act or under the provisions for transferring the suit to the appropriate district recently enacted in Section 1406(a) of the Judicial Code. The libellant would lose a right of any substance only if the suit was dismissed (as it was here by the court below) and his claim in the meantime had become barred by the two-year statute of limitations. But Section 1406(a) of Title 28 U.S.C.A. preserves the suit by providing that:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall transfer such case to any district or division in which it could have been brought."

Section 1406(a) was in effect at the time the district court dismissed the libel and was applicable to the case as it then stood. Section 1406(b) which provides that "Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue" does not aid the libellant, for the respondent did raise "timely * * * objection to the venue" laid in the Southern District of New York by the separate defense in its answer and in our opinion never did anything to impair the force of that objection.

Accordingly, the decree dismissing the libel is reversed and the cause remanded to the District Court with directions to transfer the suit to a proper district pursuant to the provisions of 28 U.S.C.A. § 1406(a).

On Petition for Rehearing.

After examining the petition of the appellee for a rehearing, and the answer of the appellant thereto, we have concluded that the petition should be denied.

Appellee's contention that Section 2(b) of Public Law 773, 62 Stat. 985, prevents the retroactive application of Section 1406(a) of U.S.Code Annotated, Title 28, is rejected because Section 2(b) in our opinion is limited to interruption of jurisdiction or other prejudice arising from the changes specified in the Judicial Code in respect to the new name given to the presiding judges of the Courts of Appeals in the different circuits and in respect to the tenure of the judges, officers and employees thereof and of their deputies, marshals and assistants and does not relate to other changes.

The further contention that Section 1406(a) should not be applied to suits brought prior to the enactment of the revision of the Judicial Code must, in our opinion, fail. If it succeeded, it would in-

**580**

volve the harsh result that the plaintiff might be unable to enforce a just claim owing to the fact that a new suit brought in another district would be barred by the statute of limitations. It is argued, however, that the loss of the right to interpose the bar of the statute of limitations to a new action deprives the respondent of a substantive legal right. In Chase Securities Corp. v. Donaldson, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628, the Supreme Court recently held that a state could constitutionally remove the bar in a pending litigation. The question of the retroactive application of Section 1406(a) is therefore not one of constitutional power, but of reasonable interpretation of the above section. We believe that in a case like the present the statute of limitations is to be regarded as a procedural remedy and that Congress intended to apply the section to pending actions even where the statute of limitations would have run at the time when the amendment of the Judicial Code took effect.

The Reviser's Note to Section 1406(a) says that that section "provides statutory sanction for transfer instead of dismissal, where venue is improperly laid." This comment on the scope of Section 1406(a) seems to point directly to the elimination of the bar of the statute of limitations in cases where jurisdiction exists and there is nothing to prevent its exercise but the lack of proper venue. Moreover, Section 1406(a) on its face is applicable to "the district court of a district in which is filed a case laying venue in the wrong division or district." The case at bar is just such a case and Section 1406(a), which went into effect September 1, 1948, must be applied retroactively to a pending litigation where no valid judgment has been rendered prior to that date. Cf. Schoen v. Mountain Producers Corporation, 3 Cir., 170 F.2d 707, 713. See also United States v. National City Lines, D.C.S.D.Cal., 80 F.Supp. 734, 738–739.

Petition denied.