## CRAWFORD v. ANN ARBOR R. CO.

United States District Court
S. D. New York.
Oct. 20, 1950.

Jacob Rassner, New York City, proctor for libelant.

Atkins & Weymar, New York City, proctors for respondent, by Horace T. Atkins, New York City, advocate.

GODDARD, District Judge.

Motion by respondent to transfer this suit in admiralty to the Western District of Michigan, Southern Division, at Grand Rapids, Michigan.

The libel, filed February 10, 1950, contains two counts. 1—For damages; 2—For maintenance and cure, as a result of injuries alleged to have been sustained by libelant, a seaman employed aboard the Steamship Wabash on Lake Michigan on March 2, 1942.

The libelant's home is Elberta, Michigan. Respondent, a Michigan corporation, the owner of the Wabash, operates its vessels exclusively on Lake Michigan. It lists ten witnesses whom it proposes to call; all, with the exception of one, live in the vicinity of Grand Rapids; that one lives in Cleveland. Libelant might have brought this suit in Michigan.

█ For the convenience of the parties and the witnesses and in the interest of justice, this suit should be transferred to Michigan.

█ Libelant questions the power of this court to transfer a suit in admiralty. But I think that the language of Title 28 U.S.C.A. § 1404(a) which reads—"* * * a district court may transfer any civil action to any other district [court] or division where it might have been brought" is broad and unrestricted.

The Supreme Court in Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207, in holding that Section 1404(a) was applicable to suits brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., said—"The reach of 'any civil action' is unmistakable. The phrase is used without qualification, without hint that some should be excluded." 337 U.S. at page 58, 69 S.Ct. at page 946. See opinion in St. Paul Fire & Marine Insurance Company v. American Mail Line, Ltd., D.C., 94 F. Supp. 28.

Motion to transfer to the Western District of Michigan, Southern Division, at Grand Rapids, is granted.

Settle order on notice.