## ARROWHEAD CO., Inc. et al. v. THE AIMEE LYKES et al.

United States District Court
S. D. New York.
Dec. 30, 1950.

896

Lawrence W. McKeown, New York City, for libelants.

Tompkins, Boal & Tompkins, New York City, for respondents.

NOONAN, District Judge.

Respondents have moved this court for a change of venue pursuant to Section 1404(a) of Title 28 U.S.C.A., so as to transfer this action to Southern District of Alabama, Southern Division.

█ A similar motion previously made to this very court was denied on the grounds that the moving papers were absent of sufficient facts in detail to warrant the exercise of the court's discretion; no order having been entered on such prior motion, the court will hear this as a reargument granted on the showing of additional facts.

Libelant opposes this motion on the very basic question of whether Sec. 1404(a) is by its language applicable to causes in Admiralty. The pertinent parts of the statute are "* * * court may transfer any civil action * * *". Thus libelant contends that the Congress did not intend that Admiralty actions be included. Libelant further argues that exclusion of any such limitation in Sec. 1406(a), clearly demonstrates the intention of the Congress to exclude actions in Admiralty from the provisions of Sec. 1404(a).

Sec. 1406(a) has been held applicable to Admiralty. Orr v. United States, 2 Cir., 174 F.2d 577; Untersinger v. United States, 2 Cir., 181 F.2d 953. Counsel on both sides were unable to submit any cases so construing the applicability of Sec. 1404(a). However, there were two cases recently decided in this District which granted a transfer of venue under Sec. 1404(a) to causes in Admiralty. Crawford v. Ann Arbor Railroad Co., D.C., 94 F.Supp. 29; St. Paul Fire & Marine Ins. Co. v. American Mail Line Ltd., D.C., 94 F.Supp. 28.

Sec. 1333, of Title 28 U.S.C.A. provides in part: "The district courts shall have original jurisdiction * * * of: (1) Any civil case of admiralty or maritime jurisdiction, * * *". The Supreme Court in Ex parte Collett, 337 U.S. 55, 58, 69 S.Ct. 944, 946, 959, 93 L.Ed. 1207, discussing the phrase "any civil action" of Sec. 1404(a) said: "The phrase is used without qualification, without hint that some should be excluded."

█ Therefore, this court concludes that Sec. 1404(a) is applicable here.

The incident which is the subject of the action here occurred in Mobile. None of the three libelants resides or has a place of business in this district, but rather resides in Louisiana, Florida and Minnesota. All of the witnesses either reside in or comparatively close to Mobile or are seamen who sail out of Mobile.

█ Accordingly, for the convenience of parties and witnesses, in the interest of justice, the motion is granted.