### ALLTMONT v. UNITED STATES et al.

#### No. 287 of 1947, Admiralty.

United States District Court,
E. D. Pennsylvania.

March 19, 1951.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Thomas F. McGovern, U. S. Atty., Washington, D. C., for defendants.

KIRKPATRICK, Chief Judge.

There is no question that in this case the respondent, even before suit was brought, knew and expected to be able to prove that the libellant did not reside in this district. The libel was filed on September 4, 1947. The respondent's answer was filed on October 17, 1947. In the answer jurisdiction was denied for the single reason that the libellant had not complied with the provisions of P.L. 17, Act March 24, 1943, 57 Stat. 45, by filing a written claim and obtaining an administrative ruling thereon before commencement of the action. The Court's jurisdiction was not challenged generally, or otherwise than as stated, and no question of improper venue was raised by the answer.

Various motions and rulings relating to discovery procedure, including an appeal to the Court of Appeals, 3 Cir., 177 F.2d 971, protracted the course of the litigation. It was not until these interlocutory proceedings had come to an end that the respondent on September 6, 1950, filed the present motion to dismiss.

 I think that the respondent's right to object to the venue has been waived. Podgorski v. U. S., 3 Cir., 183 F.2d 421. The cases of Untersinger v. United States, 2 Cir., 172 F.2d 298, and Orr v. United States, 2 Cir., 174 F.2d 577, relied on by the respondent to sustain its claim that there was no waiver, do not touch the question presented here. In each of those cases the respondent included in its answer to the merits an objection to the venue and in each case the only question involved was whether the old technical rule that a general appearance or answer to the merits precluded a special appearance for objecting to venue obtained. In the present case the letter written by the Special Assistant to the Attorney General to proctors for the libellant on June 13, 1947, stating that the libellant did not reside in the Eastern District of Pennsylvania and "We cannot, therefore, consent to jurisdiction over the United States in that district" cannot be taken as negativing waiver. In fact the announcement that the respondent knew that the venue was improper and did not consent to it, made before suit was brought, when taken in connection with the fact that no question of venue was raised in the answer, or in any way until two years after the beginning

of the suit, leads to the conclusion that the respondent, at least at the time the action was commenced and for a long time thereafter, was willing to defend in the jurisdiction in which it was pending.

The motion to transfer is a matter entirely in the discretion of this Court. That discretion is broader than the discretion given by 28 U.S.C.A. § 1404(a) in civil actions. Taking into consideration the fact that the libellant desires to try the case here and the further fact that this case can be tried along with another suit arising from the same explosion which must be tried in this district, I am of the opinion that no useful purpose is to be served by transferring the action.

The motion to dismiss and the alternative motion to transfer are denied.