96 F.Supp. 270 (1951)
LE MEE
v.
STRECKFUS STEAMERS, Inc.
No. 7720(2).
United States District Court E. D. Missouri, E. D.
March 19, 1951.
*271 Douglas MacLeod of St. Louis, Mo., for libelant.
F. X. Cleary and Moser, Marsalek, Carpenter, Cleary & Carter, all of St. Louis, Mo., for respondent.
HULEN, District Judge.
Respondent moves to transfer this case under the provisions of Title 28, U.S.C.A. § 1404(a). The only question presented is whether the statute governs proceedings in admiralty.
The motion to transfer is verified. There are no counter-affidavits. Libelant sues in two counts  Count One under the Jones Act; Count Two for maintenance and cure. Libelant is a resident of New Orleans, Louisiana; was employed on the river steamer "President", which operated out of the port of New Orleans. Libelant was confined to a hospital in New Orleans and as of the time of hearing was still confined. All of his medical treatment has been by physicians in New Orleans. The witnesses are located in New Orleans. Respondent could be served in New Orleans. One of libelant's counsel is a resident of New Orleans. New Orleans is over 700 miles from St. Louis.
We know no good reason why the law of forum non conveniens, as prior to passage of the change of venue statute, should not apply in admiralty cases where the facts call for it. Procedure in admiralty cases, as we glean it from the cases, is more liberal than either law or equity actions. See in the Matter of Louisville Underwriters, 134 U.S. 488, 10 S.Ct. 587, 589, 33 L.Ed. 991: "Courts of admiralty are established for the settlement of disputes between persons engaged in commerce and navigation, who, on the one hand, may be absent from their homes for long periods of time, and, on the other hand, often have property or credits in other places. In all nations, as observed by an early writer, such courts `have been directed to proceed at such times, and in such manner, as might best consist with the opportunities of trade, and least hinder or detain men from their employments.'"
The only thing connected with the case in this district is one of libelant's attorneys, and the remote possibility of a wandering seaman being found here. Manifestly libelant, now in a hospital in New Orleans, must come to St. Louis. Witnesses in New *272 Orleans are beyond the subpoena power of either party. To present the case where the witnesses can be heard personally rather than by deposition is preferable to the Court and should be to the parties. We are not called on to decide, but we think a strong case could be made for movant under the old law.
Now we come to the statute. We are called on to discover some possible interpretation of a statute to deprive litigants in this particular type of case of benefits of a law whose sole purpose is to promote justice and the reduction in cost of litigation. We have no heart for the task assigned. Libelant claims the statute has never been applied in admiralty cases and the term civil cases as used in the law does not include admiralty. It is a comparatively new statute and we find no case where it has been called into question in admiralty. Libelant's second position rests upon rulings such as Atkins v. Fiber Disintegrating Company, 18 Wall. 272, 85 L.Ed. 841.
Referring to a venue section in the Act of 1789, and whether it included admiralty cases, the Court said: "It may be admitted that an admiralty case is a civil suit in the general sense of that phrase. But that is not the question before us. It is whether that is the meaning of the phrase as used in this section. The intention of the lawmaker constitutes the law. U. S. v. Freeman, 3 How. [556] 563, [11 L.Ed. 724]. A thing may be within the letter of a statute and not within its meaning, or within its meaning though not within its letter. Slater v. Cave, 3 Ohio St. 80, 85; 7 Bac.Abr. tit. Stat. 1, 2, 3, 5. In cases admitting of doubt the intention of the law-maker is to be sought in the entire context of the section, statutes or series of statutes in pari materia. Doe ex dem. Patterson v. Winn, 11 Wheat. 380, 389, 6 L.Ed. 500; Dubois v. McLean, Fed. Cas. No. 4, 107, 4 McLean, 489; 1 Cooley, Black, 59; Doe v. Brandling, 7 Barn. & C. 643; Stowel v. Zouch, 1 Plowd. 365."
Even as early as 1888 we find a holding indicating that there is nothing sacrosanct about venue in admiralty cases. Neptune Steam Nav. Co. v. Sullivan Timber Co., D.C., 37 F. 159. Section 1404 admits of no doubt as to the "intention of the law makers". The Supreme Court has so declared.
In Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 946, 959, 93 L.Ed. 1207, the Supreme Court had before it for the first time Section 1404, and there said with respect to the language of the new section on change of venue: "The reach of `any civil action' is unmistakable. The phrase is used without qualification, without hint that some should be excluded. From the statutory text alone, it is impossible to read the section as excising this case from `any civil action'". (Emphasis added.)
That an admiralty action is now considered a "civil" action seems to be put beyond question by the amended statute of 1949 giving District Courts jurisdiction. Section 1 of the statute reads: "The district courts shall have original jurisdiction, * * * of: (1) Any civil case of admiralty * * *". 28 U.S.C.A. § 1333.
Where venue is laid in the wrong district in an admiralty case, the general statute, applicable to all civil cases, for sending the case to the Court of the proper venue is applicable. 28 U.S.C.A. § 1406(a). Orr v. United States, 2 Cir., 174 F.2d 577.
On the same day on which the Supreme Court decided Ex Parte Collett it also decided United States v. National City Lines, 337 U.S. 78, 69 S.Ct. 955, 959, 93 L. Ed. 1226, holding the change of venue statute applied to anti-trust suits. In a dissenting opinion Justice Douglas interpreted the majority ruling as meaning that the change of venue statute will apply to suits in admiralty. Ordinarily we would not cite a dissenting opinion as authority for a holding, but we agree with it and the particular circumstance of the language quoted from the dissenting opinion of Justice Douglas represents his interpretation of the majority opinion and is not in conflict with the majority opinion. In the absence of anything to the contrary, judicial interpretation of the Supreme Court's opinion, by one of its members, should be given great weight.
*273 The Court finds the transfer of this case for trial from this District to the United States District Court for the Eastern District of Louisiana, sitting at New Orleans, Louisiana, is necessary for the convenience of the parties and the witnesses, and in the interest of justice and that a speedy, fair and inexpensive hearing may be had for both parties.