## PUGET SOUND TUG & BARGE CO., Inc. v. THE GO GETTER et al.

### THE CHAHUNTA.

### THE SAUSE BROS. NO. 12.

### THE KLIHYAN.

United States District Court
D. Oregon.

July 22, 1952.

Evans, McLaren, Lane, Powell & Beeks, of Seattle, Wash., William T. Beeks, Gordon W. Moss, Seattle, Wash., for libelant.

Thomas J. White, William F. White and Alex L. Parks, all of Portland, Or., William F. White, Portland, Or., for respondents and claimants.

McCOLLOCH, District Judge.

Claiming that a new statute, 28 U.S.C.A. § 1404(a) (Forum non Conveniens), applies to admiralty, respondents obtained the transfer of these proceedings from Tacoma, Washington, and I have before me a motion to docket the case on the admiralty calendar.

Because of my own interest, I have made some search of the authorities and, while the question may be regarded as close, I have concluded that 1404(a) was not intended to apply to admiralty. In this conclusion I find myself in disagreement with two Dis-

trict Judges,[1] who have held to the contrary. St. Paul Fire & Marine Ins. Co. v. American Mail Line, Limited, D.C.1950, 94 F.Supp. 28; LeMee v. Streckfus Steamers, Inc., D.C.1951, 96 F.Supp. 270.

To make the point that 1404(a) applies to admiralty respondents must get over a word block. Section 1404(a) reads as follows:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

28 U.S.C.A. § 1391, enacted at the same time as 1404(a), reads:

"1391. Venue generally

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside.

"(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law.

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

"(d) An alien may be sued in any district."

If "civil action" in 1404(a) embraces admiralty, the same words in 1391(b) must apply to admiralty. But 1391 is the general venue section of the Revised Code, and venue in admiralty has never been statutory. Dobie on Federal Procedure, p. 508. Jurisdiction in personam was obtained wherever a respondent could be found and served personally, or a respondent's personal appearance could be compelled by foreign attachment of his goods or credits, wherever they might be found.[2] Atkins v. Fibre Disintegrating Co., 1873, 18 Wall. 272, 21 L.Ed. 841; Browne Civil Law and Law of Admiralty, p. 434.

In order to make their point re Forum non Conveniens, respondents find it necessary to contend that the ancient venue of admiralty has been changed, and that suits (except in rem) must be brought where respondents reside; in other words, venue as to common law actions and admiralty is now the same.

How could this occur without anybody knowing of it?[3] There is not a word in the Revisers' notes or in the Congressional discussions, either in committee or on the floor, to indicate that this radical change in admiralty practice was being made; the admiralty bar were not advised that the long established practice with which they were familiar was being abolished.

I confess that the difficulties of the position I am taking are increased by the comments of Justice Douglas, dissenting in a leading case under the new statute, United States v. National City Lines, Inc., 337 U.S.

1. On July 8, 1952, Mr. Tallman Bissell of Haight, Deming, Gardner, Poor & Havens, wrote me that other New York District Judges had followed Judge Goddard's holding in 94 F.Supp. 28. Mr. Bissell was the successful advocate in that case.

2. This is well exemplified in the instant case. Libelant is a corporation of the State of Washington, whereas respondents are residents of Oregon. Libelant chartered a barge to respondents. The barge was stranded and damaged in Oregon waters. Libelant sued respondents' tug in rem, and obtained jurisdiction in person by attaching several pieces of respondents' floating equipment, then tied up in Washington waters. Respondents claimed the attached equipment, appeared generally, and the transfer to Oregon followed.

3. "* * * the revision of Title 28 U.S. Code in 1948 was made without a close examination by the maritime branch of the bar in reliance upon assurances that only a re-statement was being made without any changes. To the astonishment and chagrin of the bar, several great changes were speedily observed, together with several lesser but troublesome changes," etc. Quoted from Report of the American Bar Association Standing Committee on Admiralty and Maritime Law (June, 1952), Arnold W. Knauth, Chairman.

78, 85, 69 S.Ct. 955, 93 L.Ed. 1226, and by the views expressed by my scholarly District Brother Yankwich in that case in the court below, D.C., 7 F.R.D. 456, reversed 334 U.S. 573, 68 S.Ct. 1169, 92 L.Ed. 1584; Id., D.C., 80 F.Supp. 734, page 737, note 18; Affirmed 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226.

Further, I was at first disposed to think that the holding of the Second Circuit, Orr v. United States, 1949, 174 F.2d 577, that the other newly enacted transfer section of the Revised Code Sec. 1406(a) [4] applied to admiralty, was a "clincher" that the section with which I am dealing must also apply to admiralty.[5] How, the argument ran, could it be said that one of the two transfer sections of the new code applied to admiralty and not the other?

In this connection, it has been called to my attention that 1406(a) deals with "cases", a term historically inclusive of admiralty, whereas "civil actions" in 1391, followed in 1404(a) was, by their own statement, adopted by the Revisers to conform to the Federal Rules of Civil Procedure, 28 U.S.C. A. For a classic discussion of terminology in the admiralty field, see the brief of E. Benedict in 18 Wall. at pages 281–289, 21 L.Ed. 841.

 I feel, therefore, impelled to hold that the new Forum non Conveniens section of the Revised Code does not apply to admiralty.[6] I am not unaware of the arguments of policy, that the new practice should include admiralty, quite as much as other civil proceedings, and I offer as a suggestion, for whatever value it may have, that the words of exception in 1391(b), "except as otherwise provided by law", might be considered to exclude admiralty from the scope of that section. This would leave 1404(a) standing naked for construction, unencumbered by affinity with 1391(b).

I do not believe respondents can maintain their double-barreled proposition that the new code extends Forum non Conveniens to admiralty and changes the venue requirements in admiralty, as well; and I am not prepared to hold that, even when divorced from 1391(b), 1404(a) was, in the minds of the Revisers and Congress, intended to apply to admiralty.[7]

It follows, the motion to docket is denied.

---

4. Section 1406, as Amended in 1949.
    "(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

5. The Orr case arose under the Suits in Admiralty Act, which contains a transfer provision of its own. 46 U.S.C.A. § 742.

6. The learned Chief Judge of this court has said that judicial power under statutes transferring jurisdiction "may only be exercised in strict accordance with the statutory grant." United States v. 11 Cases, D.C.1950, 94 F.Supp. 925, 927.

7. A lengthy article in 35 Cornell Law Quarterly (1950) assumes semble that 1404(a) does not apply to admiralty. The author is Alexander M. Bickel, Law Clerk to Chief Judge Magruder.