## PACO TANKERS, Inc., v. ATLANTIC LAND & IMPROVEMENT CO.

### No. 491.

United States District Court
N. D. Florida, Pensacola Division.
Nov. 26, 1952.

William Fisher, Jr., Pensacola, Fla., for plaintiff.

Reuben S. Ragland, Jacksonville, Fla., for defendant.

DE VANE, Chief Judge.

Respondent filed herein a motion to transfer this action to the United States District Court for the Southern District of Florida, Tampa Division and filed numerous affidavits in support of said motion. Libellant filed an answer to respondent's motion objecting to the change of venue supported by an affidavit of one of the proctors for libellant. The issues raised by the motion and answer have been fully briefed and argued to the court.

The pleadings show that libellant is a corporation organized under the laws of the State of Pennsylvania and respondent is a corporation organized under the laws of the State of Virginia, authorized to do business in the State of Florida. The libel arises out of damages suffered by the S.S. David Holmes while being towed by and under the care of the Tug Neptune, owned and operated by respondent. The Neptune, while attempting to dock the David Holmes at Port Tampa, Florida, allegedly permitted it to run aground, causing severe damages to the bottom and stern section of said David Holmes. These damages were subsequently repaired at Mobile, Alabama.

The affidavits filed in support of and in opposition to the transfer of this action disclose that libellant operates oil tankers out of the port at Houston, Texas, to many points along the Atlantic seaboard, but touches no port in the Northern District of Florida. It does, however, frequently operate tankers from Houston, Texas, to Port Tampa, Florida; the latter being one of its regular ports of call. The tug, Neptune, owned and operated by respondent, is permanently assigned to Port Tampa, Florida, and respondent is not engaged in any business in the Northern District of Florida.

The first question raised by the motion and answer is whether this court has authority under Title 28 U.S.C.A. § 1404(a) to transfer this case to the Southern District of Florida. Following Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207, the District Courts have almost uniformly held that Section 1404(a) extends to admiralty cases as well as other actions. See: LeMee v. Streckfus Steamers, Inc., D.C., 96 F.Supp. 270; St. Paul Fire and Marine Ins. Co. v. American Mail Line, D.C., 94 F.Supp. 28 and Crawford v. Ann Harbor R. Co., D.C., 94 F.Supp. 29.

The court finds and holds that Section 1404(a) is applicable to this action, vesting in this court authority to transfer this case to the Southern District of Florida.

The question as to whether the court should exercise this authority is a more troublesome one. Neither libellant nor respondent are engaged in any business op-

eration within the jurisdiction of the Northern District of Florida. No witnesses in the case reside in the Northern District of Florida. Libellant's witnesses, with one or two exceptions not important here, reside in Mobile, Alabama, New Orleans, Louisiana, and Houston, Texas. All of respondent's witnesses reside in the Southern District of Florida and most of them in the vicinity of Tampa, Florida.

It was necessary for libellant to bring this action in one of the States along the Atlantic seaboard from Virginia to Florida, both inclusive, where respondent maintains a resident agent. Libellant has selected this District as the place where it desires to prosecute this action and this selection is entitled to serious consideration by the court. Moreover, libellant's selection of the Northern District of Florida, Pensacola Division, is a point where the burden of producing witnesses at the trial of this case would work approximately equal hardship upon both libellant and respondent.

Respondent, on the other hand, vigorously contends that since the libel arises out of a tort allegedly committed by it at Port Tampa, Florida, that the case should be tried in the Division of the Southern District where the tort occurred and where most of the witnesses, who will give testimony touching the question of liability, reside. Respondent further contends that it is engaged in a public service where it is necessary to keep the tug Neptune continuously in operation and this fact should be taken into account by the court in passing upon the question raised by the motion to transfer the case to Tampa, Florida, which is contiguous to Port Tampa.

The important issue in the case is the question of liability and with the exception of the witnesses of libellant, who reside in or near Houston, Texas, all witnesses upon this issue reside in the Southern District of Florida and most of them in the proximity of Tampa, Florida. Should liability be established in this case the matter of the proof of damages should not be difficult.

 Taking into consideration the fact that neither libellant nor respondent car-

ry on any business in the Northern District of Florida; that no witness for either party resides in the Northern District of Florida; that most of the witnesses touching the issue of liability reside in or near Tampa, Florida, and that respondent is engaged in a public service, the court is of the opinion that for the convenience of the parties and witnesses and in the interest of justice this case should be and will be transferred to the United States District Court for the Southern District of Florida, Tampa Division. An order will be entered herein in conformity with this Memorandum Decision.