**KINSMAN TRANSIT CO.**

v.

**DUNHAM TOWING & WRECKING CO.**

No. 3536.

United States District Court
N. D. Ohio, E. D.

Sept. 9, 1953.

Johnson, Branand & Jaeger, Cleveland, Ohio, for petitioner.

C. A. Schipfer, Cleveland, Ohio, for respondent.

FREED, District Judge.

I am unable to agree with the conclusion reached in Puget Sound Tug and Barge Co. v. The Go-Getter, D.C. 1952, 106 F.Supp. 492. It is unnecessary to belabor the construction of the phrase in question or to engage in a lengthy discussion of semantics. It is sufficient to say that the words "any civil action", as used in 28 U.S.C. § 1404 (a), are broad enough, in my view, to embrace actions in Admiralty. Paco Tankers, Inc. v. Atlantic Land & Improvement Co., D.C. 1952, 108 F.Supp. 406; Le Mee v. Strackfus Steamers, D.C. 1951, 96 F.Supp. 270; Crawford v. Ann Arbor R. Co., D.C. 1950, 94 F.Supp. 29; and St. Paul Fire & Marine Ins. Co. v. American Mail Line, D.C. 1950, 94 F.Supp. 28, are all in accord. I am of the opinion that the Court may, under the statute, transfer an Admiralty case, just as it may any other suit, if the facts of the particular case warrant such action.

In this instance, the libelant has an operating office in this district and the respondent's principal business office is located in this district. The contract which was being performed when the accident occurred was negotiated in this district, and negotiations prior to the bringing of this libel were also conducted in this district. The libelant's choice of forum is a substantial right and should not be disturbed unless the balance of convenience lies strongly in favor of the respondent. Boyd v. Grand Trunk Western R. Co., 1949, 338 U.S. 263, 70 S.Ct. 26, 94 L.Ed. 55; Nicol v. Koscinski, U. S. Dist. Judge, 6 Cir., 1951, 188 F.2d 537. The facts inherent in this case clearly demonstrate that the balance of convenience does not lie strongly in the respondent's favor. It may not be said, that "for the convenience of the parties and the witnesses and in the interest of justice", the case should be transferred.

Motion to transfer overruled.