### In re MARINE AIRCRAFT CORP.
#### No. 89556.

United States District Court
S. D. New York.
Jan. 13, 1954.

Verne R. Foley, New York City, for answering creditors. John W. Simpson, New York City, of counsel.

MacNeil Mitchell, New York City, for Marine Aircraft Corp., debtor.

DIMOCK, District Judge.

Answering creditors have applied for dismissal of this Chapter Ten bankruptcy proceeding.

 One Marion Ethridge, alleging that he is chairman of a committee representing more than twelve creditors of the debtor with claims totaling approximately $40,000 moves for leave to intervene under section 207 of the Bankruptcy Act, 11 U.S.C. § 607, and opposes the application for dismissal. I regard such an application as addressed to my discretion, see In re Schommer, 7 Cir., 112 F.2d 311, certiorari denied, Schommer v. Wilkerson, 311 U.S. 697, 61 S.Ct. 136, 85 L.Ed. 451, and, since I feel that the position of those opposed to the dismissal has been adequately presented by the debtor, I deny the application for intervention.

The application for dismissal is made on the ground that the debtor had neither its principal place of business nor its principal assets within this district for the six months preceding the filing of the petition as required by section 128 of the Bankruptcy Act, 11 U.S.C. § 528.

██ The debtor stated in its petition, filed August 4, 1953, that its principal place of business for the six-months period had been at 37 West 43rd Street, New York. On that basis the petition was approved and a trustee appointed. As a result of a hearing had upon the answering creditors' application I have come to the conclusion that neither the principal place of business of the corporation nor its principal assets have been within this district and that the application is therefore well founded.

Section 128 of the Bankruptcy Act reads:

"If no bankruptcy proceeding is pending, an original petition may be filed with the court in whose territorial jurisdiction the corporation has had its principal place of business or its principal assets for the preceding six months or for a longer portion of the preceding six months than in any other jurisdiction."

██ A provision was contained in former section 77B in precisely similar form except that it included domicile as a third ground for jurisdiction. The fact that the debtor is a New York corporation is not, therefore, any longer in itself a basis for jurisdiction.

The evidence is that 37 West 43rd Street has been the office of the debtor's general counsel who is also one of its directors. The debtor has been permitted to make use of two desks and two filing cabinets there but has paid no rent. Its name has appeared on the building directory but not on the office door. It has not appeared in the telephone directory. The secretary of the corporation, who is employed part time at a salary of $100 a month, is the only employee in the State of New York. The minute books, but no other books of the corporation, are kept at 37 West 43rd Street. During the six-months period the president of the corporation attended at that office once or twice a month and some officer or director other than counsel called about once in ten days. Most of the directors' meetings were held there. There was a bank account in New York the balance in which in the six-months period never exceeded $1,000. The secretary had power to act as one of two signers of checks but counsel, who was the only other repre-

sentative who was a regular occupant at 37 West 43rd Street, did not.

On the other hand, all of the manufacturing operations and all of the plants and equipment used by the debtor were located in or near Fort Worth, Texas. The offices of the president, treasurer and assistant to the president were there. The president had resided there since 1949. The payroll for the first quarter of 1953 in Texas was over $200,000 and the debtor was employing 130 persons weekly in Texas at the time of filing the petition. The debtor was engaged in performing government contracts and occupied manufacturing quarters and an office furnished to it on government property. It owned machinery and equipment in Texas valued at $80,-000. A brochure published by the debtor in 1951 or 1952 bore on the title page the legend "Plant and Executive Offices: Eagle Mountain Lake Fort Worth Texas New York Office—37 W. 43rd Street." Other material issued by debtor at that time contains similar statements. A verified answer filed in litigation and dated September 22, 1952, specifically admits an allegation that the debtor maintains its office and its principal place of business at the former Marine Air Base, Eagle Mountain Lake, Tarrant County, Texas. Correspondence as late as May 8, 1953, is in evidence on a letterhead inscribed "Marine Aircraft Corporation Fort Worth, Texas Office of the President" and no claim has been made that there was any letterhead bearing the New York address. The corporation income tax return of the debtor for the first quarter of 1953 was filed in Texas.

The evidence leads me to the conclusion that the principal office of the debtor for the six months prior to the filing of the petition was in Tarrant County, Texas.

The debtor seeks to support the jurisdiction of this court by the claim that it had its principal assets in this district during the six-months period.

This claim is based mainly on the rule of law that intangibles have their situs at the domicile of the owner. I do not think that that fiction of the law ought to be permitted to satisfy the words of section 128. See Wheeling Steel Corp. v. Fox, 298 U.S. 193, 56 S.Ct. 773, 80 L.Ed. 1143. It will be recalled that Congress deliberately eliminated domicile itself as a ground for jurisdiction and to apply the fiction that intangibles have their situs at the domicile of the corporation would, in many cases, restore that ground. When domicile itself is not a ground for jurisdiction one must point to very clear words in the statute to show, for example, that a Delaware corporation which has its principal office and its plant in New York may go under chapter ten in Delaware just because the value of its securities in a safe deposit box in New Jersey exceeds the value of its plant.

The debtor points out that letters patent carried on its books at $75,000 have been actually located in New York. Even if the location of the evidence of the intangible property were determinative, however, the patents were not the debtor's "principal assets".

I must reject the argument that jurisdiction can be preserved by invoking property in New York as a basis.

■ This does not mean, however, that the petition must be dismissed. Section 32 of the Bankruptcy Act was amended in 1952 by the addition of subdivision (b), 11 U.S.C. § 55(b), which reads as follows:

> "Where venue in any case filed under this title is laid in the wrong court of bankruptcy, the judge may, in the interest of justice, upon timely and sufficient objection to venue being made, transfer the case to any other court of bankruptcy in which it could have been brought."

As appears from House Report No. 2320, 2 United States Code Congressional and Administrative News 1952 p. 1960 at p. 1967, this subdivision (b) was intended to incorporate section 1406 of title 28 of the United States Code An-

notated, "modified only to accommodate it to the Bankruptcy Act." The statement is made, "Under this first subdivision, the judge may upon timely and sufficient objection transfer a case brought in the wrong court of bankruptcy." The section from which it was derived has been used in admiralty in a situation closely parallelling the one at bar. Orr v. United States, 2 Cir., 174 F.2d 577.

This proceeding will therefore be transferred to the United States District Court for the Northern District of Texas, Fort Worth Division.