**Natalie Ortiz TORRES, Libelant,**

**v.**

**STEAMSHIP ROSARIO, her engines, boilers, etc., and A. H. Bull Steamship Company, Respondent.**

United States District Court,
S. D. New York.

Oct. 18, 1954.

Golenbock & Komoroff, New York City, Donald S. Sherwood, Freeport, N. Y., of counsel, for libelant.

Kirlin, Campbell & Keating, New York City, Roland C. Radice, New York City, of counsel, for respondent-claimant, A. H. Bull Steamship Co.

WALSH, District Judge.

This is a libel *in rem* against the Steamship "Rosario" and *in personam* against the A. H. Bull Steamship Company. The vessel was arrested in this

district and subsequently released upon the posting of a letter of undertaking in lieu of bond.

Respondent A. H. Bull Steamship Company now moves to transfer the action to the District Court for Puerto Rico under 28 U.S.C. § 1404(a). The motion is granted.

■ The convenience of the parties and the interest of justice will be served by the transfer. Plaintiff is a resident of Puerto Rico; the injury occurred there; the doctors by whom he was treated reside there; the vessel plies regularly between Puerto Rico and New York and the members of her crew, who are witnesses, are as readily available to Puerto Rico as to New York; the Puerto Rican witnesses are beyond the distance within which this Court could compel their attendance for trial. Fed. Rules Civ.Proc. rule 45, 28 U.S.C.A.

Libelant opposes the transfer on the ground that this statute is inapplicable to an admiralty action *in rem* and therefore the Court is without power to order it.

■ Section 1404(a) permits the transfer of an action to any other district "where it might have been brought." It has been established in this circuit that there are two requirements for transfer under this statute. The transferee court must be one in which proper venue can be laid and one which will have jurisdiction over the defendant. Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949. To establish jurisdiction the defendant must either be amenable to the service of process in the transferee district or he must consent to enter a general appearance there. Anthony v. Kaufman, 2 Cir., 193 F.2d 85. It is not sufficient for this purpose that the defendant could be served there should he ever come to that district. Foster-Milburn Co. v. Knight, supra.

■ As long as a decree *in rem* can be entered by the court to which transfer is sought, the difference in the nature of an *in rem* proceeding does not prevent giving full effect to the policy of the statute.

In the present case the ship could have been arrested as easily in Puerto Rico as in this district. Since it was not it can be made subject to the jurisdiction of the District Court for Puerto Rico by the filing of a bond or stipulation there.

The food and drug cases cited by libelant as authority for his contention that the court lacks power to order this transfer are distinguishable in two important respects. The statute under which they are brought itself provides that the articles must be condemned in the district court within which they are found. 21 U.S.C.A. § 334. Furthermore, in those cases the offending articles were in the actual custody of the court to assure their destruction whereas in a proceeding like that now before the court the seizing of the vessel is merely a procedure for ensuring the satisfaction of a money judgment and the vessel is actually released upon the filing of a bond or undertaking.

■ The statute was designed to remedy the evils of forum shopping. Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207; U. S. v. National City Lines, 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226. It has been held applicable to admiralty actions *in personam*. Arrowhead Co., Inc., v. The Aimee Lykes, 2 Cir., 193 F.2d 83. By reasonable interpretation it extends to admiralty proceedings *in rem* as well.

Motion granted on the condition that bond or stipulation be filed by the claimant of the vessel "Rosario" to be subject to any judgment libelant recovers in the District Court for Puerto Rico.