Morris **BROUSSARD**, Libelant,

v.

**THE JERSBEK**, her boilers, engines, etc., and against

Knohr & Burchard, N.F.L. through its agents, Moxey Savon-Lawric, Inc., Respondents.

Partenreederei Jersbek, a partnership, Claimant.

United States District Court
S. D. New York.
May 8, 1956.

852

Marvin Schwartz, New York City, for libelant.

Nelson, Healy, Baillie & Burke, New York City, Allan A. Baillie, New York City, of counsel, for claimant.

LEVET, District Judge.

This is a libel in rem by a seaman against the S. S. Jersbek arising out of a collision between said ship and the Tug Tarpon, the vessel on which the libelant was employed. The collision is alleged to have occurred on or about May 22, 1954, in the Houston Ship Channel, Houston, Texas. The libelant commenced a suit against the Tug Tarpon in the Southern District of Texas, Houston Division, and that action is now pending. The libelant, by his proctor, also states that an attempt was made to bring an action in personam against the S. S. Jersbek in the District Court in Texas and that the jurisdiction of said court to entertain the action is contested. Consequently, the libelant filed an in rem action against the S. S. Jersbek in this district, which has since been bonded.

The libelant now moves to transfer this suit from this district to the United States District Court for the Southern District of Texas, Houston Division. The basis alleged for the application for transfer is for the convenience of witnesses and in the interest of justice.

The authority for the transfer of an action by a District Court to another district is found in Section 1404(a) of Title 28 U.S.C.A., which reads as follows:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought.*" (Emphasis added.)

■ Manifestly, the term "any civil action" includes a libel in the nature of an in rem proceeding commenced pursuant to admiralty law. Becker v. Lykes Bros. S. S. Co., Inc., D.C., 119 F.Supp. 408; Torres v. Walsh, 2 Cir., 1955, 221 F.2d 319, 321.

■ The basic question is whether this action "might have been brought" in the District Court in Texas so as to warrant a transfer of this suit to said court. In Cain v. Bowater's Newfoundland Pulp & Paper Mills, D.C.E.D.Pa. 1954, 127 F.Supp. 949, 950, the court concluded that the phrase " 'might have been brought' " means where the action might have been brought at the time the court passes on the motion to transfer. The affidavit in opposition to this motion indicates that the S. S. Jersbek is not now in a Texas port and that the ship has not returned to a Texas port since the collision. Therefore, since the ship presently cannot be attached in Texas, an action cannot now be brought in a district court in that state. Furthermore, it does not appear that an action might have been brought in Texas at the time when this action was instituted. It is clear that an in rem action might be brought only in the district

where the res is or will be located at the time of the commencement of the action. Thus, in Fettig Canning Co. v. Steckler, 7 Cir., 1951, 188 F.2d 715, certiorari denied 341 U.S. 951, 71 S.Ct. 1019, 95 L.Ed. 1373, it was held that an Indiana District Court was correct in refusing to entertain an in rem libel for condemnation of certain cases of food instituted by the Federal Government, where the suit had been transferred by a Missouri District Court and where the food had been found and attached in Missouri. Of course, if it can be established that the S. S. Jersbek can presently be found in the Southern District of Texas this court would then be justified in transferring this suit to the court in said district. See Internatio-Rotterdam, Inc., v. Thomsen, 4 Cir., 1955, 218 F.2d 514.

There is no square holding by the Court of Appeals for the Second Circuit with respect to the problem as presented here. However, in Torres v. Steamship Rosario, D.C.S.D.N.Y., 1954, 125 F.Supp. 496, a transfer of an in rem proceeding to Puerto Rico was allowed at the request of the ship owners where the court found that the ship could have been arrested as easily in Puerto Rico as in this district and, in addition, conditioned the granting of the motion upon the libelant's consent to such transfer. The court stated:

"Section 1404(a) permits the transfer of an action to any other district 'where it might have been brought.' It has been established in this circuit that there are two requirements for transfer under this statute. The transferee court must be one in which proper venue can be laid and one which will have jurisdiction over the defendant. Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949. To establish jurisdiction the defendant must either be amenable to the service of process in the transferee district or he must consent to enter a general appearance there. Anthony v. Kaufman, 2 Cir., 193 F.2d 85. It is not suffi-

cient for this purpose that the defendant could be served there should he ever come to that district. Foster-Milburn Co. v. Knight, supra." 125 F.Supp at page 497.

The Court of Appeals in Torres v. Walsh, 2 Cir., 221 F.2d 319, affirmed the transfer of the action to Puerto Rico on the ground that the libelant had consented, but noted that "it is probable that we would hold that the transfer of an in rem admiralty case to a court having no jurisdiction or power over the res was unauthorized, although the question is not entirely free from doubt." 221 F.2d 321.

■ However, it does not appear that the convenience of witnesses would best be served by transferring this suit to Texas. There is no showing that the crew members of the S. S. Jersbek at the time of the collision are more readily available now in Texas than in New York. On the contrary, it is more likely that they will be available in New York since it appears that the ship makes frequent calls to the Port of New York.

Furthermore, plaintiff chose to attach the ship in New York and to commence his action in this district. It would not be in the interest of justice to permit him to transfer this case from a forum of his own choosing to one which he believes is more convenient for himself and which may be more inconvenient for the defendant. This point was strongly asserted in Barnhart v. John B. Rogers Producing Co., D.C.W.D. Ohio 1949, 86 F.Supp. 595, where the court said:

"It appears to the Court that the motivating reason for the enactment of Section 1404(a) was to afford relief to a defendant by placing him on a footing of equality with a plaintiff in the selection of a forum for the trial of the case. If this be true, then it would be improper to hold, in effect, that the plaintiff's rights are enlarged thereby and that he may carry the defendant about the country to a forum that best

**854**

suits his convenience and do so by virtue of the statute.

"It appears to this Court that Section 1404(a) is not available to plaintiffs who voluntarily choose their own forum. If this Court were to permit a plaintiff to utilize the statute in the manner here proposed, it would, in effect, nullify and set aside existing provisions for service upon a defendant in a manner that the Court believes was not intended by the Congress upon the enactment of the statute. * * *" 86 F.Supp. at page 599.

Plaintiff's motion to transfer this suit to the Southern District Court of Texas is denied.