**Clifford A. COLEMAN, Plaintiff,**

v.

**STOCKARD STEAMSHIP CORPORA-
TION, Defendant.**

**Civ. A. No. 25095.**

**Clifford A. COLEMAN, Libellant,**

v.

**STOCKARD STEAMSHIP CORPORA-
TION, Respondent.**

**No. 351 of 1958 Admiralty.**

United States District Court
E. D. Pennsylvania.

Nov. 10, 1958.

Avram G. Adler, Philadelphia, Pa., for plaintiff and libellant.

Mark D. Alspach, Philadelphia, Pa., for defendant and respondent.

WELSH, District Judge.

Plaintiff-libellant (hereinafter called plaintiff), a merchant seaman, has instituted the present actions to recover damages and maintenance and cure, respectively, from his employer, defendant-re-

spondent (hereinafter called defendant). The actions arise out of injuries sustained by plaintiff while in the employ of the defendant aboard the SS "Ocean Victory".

The matter presently before the Court for disposition is defendant's motion to transfer the actions to the United States District Court for the Southern District of Alabama, Southern Division, pursuant to Title 28 U.S.C. § 1404(a) which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The questions presented are as follows: 1. Is the Court's discretion with respect to the transfer of "any civil action" under 1404(a) applicable to the transfer of Admiralty suits? 2. Will the convenience of parties and witnesses be served by transferring these actions to the Southern District of Alabama, Southern Division?

■ I. The case of Broussard v. The Jersbek, D.C., 140 F.Supp. 851, 852, considered the issue of whether or not a "civil action" includes a libel in the nature of an in rem proceeding commenced pursuant to Admiralty Law. Involved there was a libel in rem by a seaman against the SS "Jersbek" arising out of a collision between said ship and the Tug "Tarpon", the vessel on which the libellant was employed. The Court stated as follows: "Manifestly, the term 'any civil action' includes a libel in the nature of an in rem proceeding commenced pursuant to admiralty law".

This position was affirmed previously in the case of Kinsman Transit Co. v. Dunham Towing & Wrecking Co., D.C., 122 F.Supp. 911, 912, in which Judge Freed specifically considered the case of Puget Sound Tug & Barge Co. v. The Go-Getter, D.C., 106 F.Supp. 492, a case holding contrary. The Court noted the following: "I am unable to agree with the conclusion reached in Puget Sound Tug and Barge Co. v. The Go-Getter, D. C.1952, 106 F.Supp. 492. It is unneces-

sary to belabor the construction of the phrase in question or to engage in a lengthy discussion of semantics. It is sufficient to say that the words 'any civil action', as used in 28 U.S.C. § 1404(a), are broad enough, in my view, to embrace actions in Admiralty. Paco Tankers, Inc. v. Atlantic Land & Improvement Co., D.C.1952, 108 F.Supp. 406; Le Mee v. Streckfus Steamers, D.C.1951, 96 F.Supp. 270; Crawford v. Ann Arbor R. Co., D.C.1950, 94 F.Supp. 29; and St. Paul Fire & Marine Ins. Co. v. American Mail Line, Limited, D.C.1950, 94 F.Supp. 28, are all in accord. I am of the opinion that the Court may, under the statute, transfer an Admiralty case, just as it may any other suit, if the facts of the particular case warrant such action."

The conflict of views having been noted, suffice it to say, we cast our vote in favor of those expressed by Judge Freed in Kinsman Transit Co. v. Dunham Towing and Wrecking Co., supra, and accordingly answer the first question presented in the affirmative.

■ II. In support of the proposition that it would be more convenient for the parties and witnesses to try these actions in the Southern District of Alabama, Southern Division, defendant's affidavit discloses the following facts and circumstances: The accident which gave rise to these actions occurred while the "Ocean Victory" was in port at Mobile, Alabama. Plaintiff's home is in New Orleans, Louisiana. The Shipping Articles covering the voyage during which the accident in question occurred were opened and subsequently closed at New Orleans, Louisiana. Following the accident which is the subject matter of the within actions, plaintiff received treatment at the United States Marine Hospital, New Orleans, Louisiana. The accident which is the subject of the within actions occurred during the course of certain repairs which were being made aboard the SS "Ocean Victory" by a shoreside contractor, Henze Instrument & Valve, Inc., of Mobile, Alabama. This company had sent representatives aboard

the "Ocean Victory" to effect the aforesaid repairs; the accident which is the subject of the within actions occurred during the course of said repairs by the representatives of Henze Instrument & Valve, Inc. Whatever object struck plaintiff on the head was being used by the representatives of Henze Instrument & Valve, Inc., during the course of said repairs and was in the possession and control of said employees. The employees of Henze Instrument & Valve, Inc., who have knowledge of the facts surrounding the within accident and who are prospective witnesses reside in and about Mobile, Alabama. Their attendance at a trial in the United States District Court for the Eastern District of Pennsylvania cannot be commanded by a subpoena issuing out of this Court. In the circumstances, in order to do full and substantial justice among all the parties, it will be necessary that the defendant bring in Henze Instrument & Valve, Inc., as a third-party defendant in the captioned civil action and to implead said company as an additional respondent in the admiralty action. This company is not subject to service of process in the Eastern District of Pennsylvania; upon information and belief, it is subject to service of process in the Southern District of Alabama, Southern Division, where the accident occurred and where the said company maintains an office and principal place of business.

The facts and circumstances upon which this Court could hold that it would be more convenient for the parties and witnesses to try these actions in this District may be stated as follows: This District (the Eastern District of Pennsylvania) is plaintiff's choice of forum; it is where plaintiff's counsel are located; It is where plaintiff may come in the course of his travels as a seaman.

We think it plain, however, from the foregoing that it would be more convenient for the parties and witnesses to try these actions in the Southern District of Alabama, Southern Division. Accordingly, we answer the second question in the affirmative.

An order providing for a transfer of the above-captioned actions to the United States District Court for the Southern District of Alabama, Southern Division, will be entered.