Andrew **MEAGHER**, Plaintiff,

v.

**GREAT LAKES DREDGE & DOCK COMPANY**, Defendant.

**Civ. A. No. 37339.**

United States District Court
N. D. Ohio, E. D.
Jan. 24, 1962.

**114**

Eugene Bleiweiss, Daniel H. O'Neill, Cleveland, Ohio, for plaintiff.

J. Harold Traverse, Cleveland, Ohio, for defendant.

GREEN, Judge.

The plaintiff herein has filed a complaint seeking damages for personal injury under the Jones Act, 46 U.S.C.A. § 688, in the Northern District of Ohio, Eastern Division at Cleveland, Ohio. The defendant has moved for transfer of the action to the District Court for the Northern District of Illinois, Eastern Division, by virtue of 28 U.S.C., § 1404(a), providing:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The defendant's motion is supported by affidavits setting forth the facts which it alleges support the granting of a transfer. The plaintiff filed a brief in opposition to the motion to transfer asserting that the motion should be denied because the defendant has entered its general appearance by filing a stipulation permitting the defendant to move or plead to the plaintiff's complaint and having so entered its general appearance, the defendant has waived any rights it may have as to a change in venue. The court is of the opinion that even though the defendant has entered a general appearance in this district, the defendant is still entitled to move for a transfer to another district under Section 1404(a). Plaintiff has not filed any counter-affidavit of facts.

As a general proposition, a plaintiff has a right to choose his forum, and a transfer will not be lightly granted. Nicol v. Koscinski, 188 F.2d 537 (C.A. 6, 1951; Kinsman Transit v. Dunham Towing & Wrecking Co., 122 F.Supp. 911 (D.C.E.D.Ohio 1953). In determining a motion for transfer the court must be guided by considerations of the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling and the cost of obtaining the attendance of willing witnesses; possibility of view of the premises and all other practical problems that make trial of a case easy, expeditious and inexpensive. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1951).

The facts of this case, as set forth in the affidavits, disclose that plaintiff is a resident of Illinois. He was injured while employed as a maritime worker, the accident taking place at or near Michigan City, Indiana. Michigan City is approximately sixty-five miles from Chicago, the site of defendant's home office and the proposed transferee court. The plaintiff received all his

medical treatment in the Chicago or Michigan City area. All the essential fact witnesses are beyond the territorial limits within which a subpoena may issue from this court, and within one hundred miles of Chicago, so that compulsory attendance may be enforced there. None of the foregoing facts are denied by the plaintiff.

It is my opinion that the defendant has satisfied its burden under Section 1404(a). Coleman v. Stockard Steamship Corp., 172 F.Supp. 366 (D.C.E.D. Pa.1958); Andino v. Clairborne, 148 F. Supp. 701 (D.C.S.D.N.Y.1957); Wash Sun Lew v. American President Lines, 100 F.Supp. 328 (D.C.S.D.N.Y.1953); Le Mee v. Streckfus Steamers, Inc., 96 F.Supp. 270 (D.C.E.D.Mo.1951). Cf. Lemon v. Druffel, 253 F.2d 680 (C.A. 6, 1958); Chicago Rock Island & Pacific R.R. Co. v. Igoe, 220 F.2d 299 (C.A. 7, 1955); Nicol v. Koscinski, 188 F.2d 537 (C.A. 6, 1951).

Defendant's motion to transfer this action to the District Court for the Northern District of Illinois, Eastern Division, is granted.