The HERCULES COMPANY
v.
The S/S ARAMIS, etc.
No. 6222.

United States District Court
E. D. Louisiana,
New Orleans Division.
Feb. 20, 1964.

Henry Dart, Jr., Henry P. Dart, III and George L. Wax, of Dart & Dart, New Orleans, La., and John Dart, New Orleans, La., of counsel, for libellant.

James L. Schupp, Jr., Terriberry, Rault, Carroll, Yancey & Farrell, New Orleans, La., for respondent.

FRANK B. ELLIS, Judge.

While it is certainly true that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought," 28 U.S.C.A. § 1404(a), it does not necessarily mean that a court must consider first a motion for summary judgment rather than a motion to transfer when both are filed simultaneously. Contrarily, a Court may consider only the motion to transfer and leave the motion for summary judgment to be decided by the transferee court, United States v. Swift & Company, D.C., 158 F.Supp. 551.

Nor is it valid grounds for objection that Section 1404(a) does not apply to libels in admiralty for the great weight of authority stands for the proposition that it applies to both civil and admiralty actions. Medich v. American Oil Co., D.C., 177 F.Supp. 682; Higgins

600

v. California Tanker Co., D.C., 166 F. Supp. 42; Torres v. The Rosario, D.C., 125 F.Supp. 496, mandamus denied Torres v. Walsh, 2 Cir., 221 F.2d 319, cert. den. 350 U.S. 836, 76 S.Ct. 72, 100 L.Ed. 746; National Tea Co. v. The Marseille, D.C., 142 F.Supp. 415; Paco Tankers, Inc. v. Atlantic Land & Imp. Co., D.C., 108 F.Supp. 406; LeMee v. Streckfus Steamers, Inc., D.C., 96 F.Supp. 270; St. Paul Fire & Marine Ins. Co. v. American Mail Line, D.C., 94 F.Supp. 28; Arrowhead Company v. The Aimee Lykes, D.C., 101 F.Supp. 895; Coleman v. Stockard S. S. Corp., D.C., 172 F.Supp. 366; Kinsman Transit Co. v. Dunham Towing & Wrecking Co., D.C., 122 F. Supp. 911; Petition of Backman, D.C., 122 F.Supp. 896.—[Contra: Puget Sound Tug & Barge Company v. The Go-Getter, D.C., 106 F.Supp. 492.]

■ It is equally well-settled that the district courts are vested with a wide discretion over whether the requested transfer should be granted and it is reversible only on a clear showing of an abuse of this discretion. See Houston Fearless Corporation v. Teter, 10 Cir., 318 F.2d 822; Butterick Company v. Will, 7 Cir., 316 F.2d 111; Chemetron Corporation v. Perry, 7 Cir., 295 F.2d 703; Pennsylvania Railroad Company v. Connell, 6 Cir., 295 F.2d 32; Chicago, R. I. & P. R. Company v. Hugh Breeding, Inc., 10 Cir., 232 F.2d 584.

■ In this particular case the entire cause of action arose in the District of New Jersey. The only connection this action has with the Eastern District of Louisiana is the presence of proctors for libellant and respondent, none other. All of the documentary evidence necessary for the burden of proof are found in that area and all of the witnesses reside there.

The Court is not prone to cast upon libellant the expense of transporting everything to the Eastern District of Louisiana. This expense would, indeed, be significant.

The Court also notes that the District of New Jersey not only was a district

"where suit might have been brought," but was actually a district where suit was brought. But for an untimely attempt at seizure by the United States Marshal, this libel never would have been filed in the Eastern District of Louisiana.

Therefore, for the convenience of the parties and witnesses, and in the best interests of justice, the libel will be transferred to the United States District Court for the District of New Jersey, all in pursuance to 28 U.S.C. § 1404(a).