**CALIFORNIA CASUALTY INDEMNITY EXCHANGE et al. v. UNITED STATES et al. (three cases).**

**INDUSTRIAL INDEMNITY EXCHANGE et al. v. SAME.**

**Civ. Nos. 4850–4853.**

District Court, S. D. California, Central Division.

Nov. 4, 1947.

See also 74 F.Supp. 404.

Oliver and Corfman and Forrest A. Betts, all of Los Angeles, Cal., for complainants and libelants.

James M. Carter, U. S. Atty., Robert E. Wright, Asst. U. S. Atty., and Lillick, Geary & McHose, all of Los Angeles, Cal., for respondent United States.

Jennings & Belcher, of Los Angeles, Cal., for respondent Union Oil Co. of California.

HALL, District Judge.

Respondent Union Oil Company submitted a brief on the question of laches as to the delay in serving process on it. Libelant waived both brief and argument.

The Motion to Dismiss as to respondent Union Oil Company is well taken.

■ Service of process on this respondent is not governed by a specific statute, as is the case with the United States as respondent.

But, courts of admiralty apply the equitable principle of laches. This doctrine is so well settled as to not require citation of authorities. See Benedict on Admiralty, 1940 Ed., Vol. 3, par. 462, p. 290, and cases there cited.

■■ Laches need not be pleaded in admiralty as defensive matter, but may be raised by exceptions where facts constituting laches appear on the face of the pleadings, or are within the judicial knowledge of the Court. Westfal, etc. v. Allman-Hubble, etc. (The Briminger) 9 Cir., 73 F.2d 200. It has been held that where an assertion of claim is delayed for an unreasonable length of time, the doctrine of laches may be applied in the discretion of the Court, even though the laches are not pleaded or the bill excepted or demurred to. Willard v. Wood, 1896, 164 U.S. 502, 17 S.Ct. 176, 41 L.Ed. 531.

■ The mere institution of a suit does not of itself relieve a party from the charge of laches, and if he fail in the diligent prosecution of the action the consequences are the same as if no action had been taken. The Kermit, 9 Cir., 76 F.2d 363; Johnston v. Standard Mining Co., 1893, 148 U.S. 360, 370, 13 S.Ct. 585, 37 L. Ed. 480; Haynes, etc. v. Druggists' Circular, 2 Cir., 32 F.2d 215; Des Moines, etc. v. Des Moines Union R. Co., 8 Cir., 52 F.2d 616–630; Barger v. Baltimore & Ohio R., 75 U.S.App.D.C. 367, 130 F.2d 401; Sokolin v. Estes, 76 U.S.App.D.C. 357, 131 F.2d 351; Schram v. Holmes, D.C.E.D. Mich., 4 F.R.D. 119.

■ Laches in a general sense is the neglect for an unreasonable and unexplained length of time, under circumstances permitting diligence, to do what in law should have been done, which neglect results in disadvantage to another. 30 C.J. S., Equity, § 112.

■ The libelant was obliged under the law to serve the summons, and the delay in doing so was unreasonable and is unexplained. No instructions were given to the Marshal for service when the summons was delivered to him at the time of filing suit on October 19, 1945, nor in the five months interval between that date and March 21, 1946, when the Marshal returned the summons to the Clerk unexecuted for lack of such instructions. No steps at all were taken after that in prosecution of the suit until an alias summons was secured on October 28, 1946, which was more than seven months after the original summons was returned unexecuted for lack of instructions for service, more than 1 year after suit was filed, more than 22 months after the award, and more than 2 years

after the accident. And service of summons on Union Oil Company was not had until December 16, 1946, which was 14 months (lacking 5 days) after suit was filed, more than 2 years after the award, and 26 months (lacking 6 days) after the accident.

As pointed out in D.C., 74 F.Supp. 401, it is inequitable under the doctrine of laches, to permit a suit of this nature to be filed after the expiration of one year. The underlying reason for the application of any period of limitation upon the right to file a suit is to require notice of the existence of the claim, so that a party may properly prepare to defend against such claim before the evidence concerning the claim gets stale.

In Westfal-Larson v. Allman-Hubble, etc. (The Briminger), 9 Cir., 73 F.2d 200, the Circuit Court of Appeals for this Circuit adopted and approved the following from McGrath v. Panama R. Co., 5 Cir., 298 F. 303 at 304: "Injury is presumed from the statutory period of limitation in common-law actions, and, when equity adopts the statutory period, it adopts along with it the presumption of injury, until the contrary is shown."

If injury results from the failure to file such a suit within one year, then by the same token injury must be presumed for failure to have issued an alias summons or to have served summons for more than a year after the filing of the suit, and more than two years after the cause of action arose. It is particularly so in this case, because the other defendant United States has been dismissed for failure to comply with the statutory requirement for forthwith service of summons upon the United States. Thus there is both unreasonable and unexplained delay in service of process and resulting injury to the defendant Union Oil Company.

While, as pointed out, there is no specific statute applicable to service upon the defendant, general Admiralty Rule No. 38, 28 U.S.C.A. following section 723, does require that if libelant does not "prosecute his suit" he shall be deemed in default and the suit may be dismissed with costs. By Local Admiralty Rule 160, Local General Rule 10(d) is made applicable in admiralty proceedings, and by Local General Rule 10(d) actions which have been pending for more than 12 months without any proceedings having been taken therein during that period may be dismissed by the Court's own motion, after notice.

For the foregoing reasons the Motion to Dismiss the libel as to respondent Union Oil Company is granted in this case 4850 and 4851, 4852 and 4853 Civil. Counsel will prepare the appropriate Decree of Dismissal.