UNITED NATIONS RELIEF AND RE-HABILITATION ADMINISTRA-TION v. THE MORMACMAIL.

UNITED NATIONS RELIEF AND RE-HABILITATION ADMINISTRA-TION v. THE MORMACOAK.

UNITED NATIONS RELIEF AND RE-HABILITATION ADMINISTRA-TION v. THE MORMACPINE.

United States District Court
S. D. New York.
May 7, 1951.

Hill, Rivkins & Middleton, New York
City (George B. Warburton, New York
City, of counsel), for libellants.

Burlingham, Veeder, Clark & Hupper,
New York City (Eugene Underwood, Esq.
and Hervey C. Allen, Jr., New York City,
of counsel), for respondents.

S. H. KAUFMAN, District Judge.

Three libels have been filed by United Nations Relief and Rehabilitation Administration (UNRRA) to recover for alleged damage to cargoes shipped via three of respondent's vessels from ports in the United States to Gdynia, Poland. Appearing specially, respondent has excepted to each of the libels on the ground that they were not brought within the period limited by the Carriage of Goods by Sea Act and on the further ground that libellant has failed to prosecute its claims with due diligence.

In two of these suits (A. 153–204 and A. 153–205), the libels were filed in December, 1947 for damage to cargoes delivered in Poland in December, 1946. In the third case (A. 153–334), the libel was filed in January, 1948 for damage to cargo delivered in Poland in February, 1947. Respondent was not notified that these libels had been filed until January 6, 1949, and libellant did not attempt to have process issued and served until February, 1951.

The first issue is whether these suits were "brought within one year after delivery of the goods or the date when the goods should have been delivered" as required by the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1303(6). It is not alleged that these libels were not filed within the one-year period. Rather, respondent contends that suit is not commenced by the mere filing of a libel unless there has also been diligence in procuring the issuance and service of process. This contention is without merit. The issuance of process has no bearing on the determination of the time when a suit is commenced in a federal court under a federal statute. The institution of a suit in admiralty is marked by the filing of the libel.

Ore Steamship Corp. v. D/S A/S Hassel, 2 Cir., 1943, 137 F.2d 326; 2 Benedict, Admiralty § 276 (6th ed. 1940). It must be concluded, therefore, that these suits were "brought" within the statutory period.

Even though these suits have been timely brought, they may be subject to dismissal, pursuant to Rule 38 of the Admiralty Rules, 28 U.S.C.A. [1], for failure to prosecute with reasonable diligence. "The mere institution of a suit does not of itself relieve a party from the charge of laches, and if he fail in the diligent prosecution of the action the consequences are the same as if no action had been taken." California Casualty Indemnity Exchange v. United States, D.C.S.D.Cal.1947, 74 F. Supp. 408, 409.

Ordinarily a suit is not barred because of laches unless there has been both unreasonable delay in the institution of the suit and undue prejudice to the defendant as a result of this delay. See Holmberg v. Armbrecht, 1946, 327 U.S. 392, 396, 66 S.Ct. 582, 90 L.Ed. 743; 2 Pomeroy, Equity Jurisprudence § 419d (5th ed. 1941); 3 Benedict, Admiralty § 464 (6th ed. 1940). Courts of admiralty, in dealing with questions involving laches, have modified this equitable doctrine to the extent that prejudice will be presumed where there is unreasonable delay, and libellant has the burden of rebutting this presumption. Redman v. United States, 2 Cir., 1949, 176 F.2d 713; Kane v. U. S. S. R., D.C.E.D.Pa.1950, 89 F.Supp. 435; California Casualty Indemnity Exchange v. United States, supra.

In these three suits, the libels were not filed until shortly before the running of the one-year period of limitation contained in the Carriage of Goods by Sea Act. Respondent received its first notice of the

---

1. Rule 38 provides: "If, in any admiralty suit, the libellant shall not appear and prosecute his suit * * * he shall be deemed in default * * *; and the court may, on the application of the respondent or claimant, pronounce the suit to be deserted, and the same may be dismissed with costs."

There is no provision in the Admiralty Rules of either the Supreme Court or of the District Court for the Southern District of New York which specifies the time within which process must be issued and served. Nor is there any provision in the Admiralty Rules of the District Court for this district that is analogous to Civil Rule 1 of the District Court Rules, which provides for the abatement of an action if process is not served within three months after the complaint is filed.

pendency of these suits approximately one year after the statute had run, and process was not served until approximately two years later. Between the time notice was first given and process served, the parties were attempting to negotiate a settlement of the claims in suit.

No great significance can be attached to the delay in the service of process, in view of respondent's concession that it is the custom of the admiralty bar of this city to send a copy of the libel to respondent's counsel, and not to issue process until it becomes apparent that an amicable settlement of the claim by negotiation is unlikely. If actual notice of the pendency of a suit is promptly given, a party is not likely to be prejudiced in the preparation of its defense, and from the point of view of actual notice, delivery of a copy of the libel is as effective as the service of process. The question, therefore, is narrowed to whether or not there has been laches because of libellant's failure to give notice of the pendency of these suits until approximately one year after the statute of limitations had run.

The affidavits of libellant's counsel demonstrate that the one year delay was caused by the inadvertence of counsel, rather than by design. It also appears from these affidavits, sufficiently to overcome the presumption of prejudice for present purposes, that immediately following the discharge of the cargoes, respondent's agent at Gdynia, Poland was furnished with discrepancy reports disclosing the damage claimed, and that respondent made a full investigation of these claims. While counsel's oversight cannot excuse the delay in giving notice of the suit[2], and while notice of a claim is not equivalent to notice of the pendency of a suit[3], nevertheless these factors cannot be disregarded in view of the apparent absence of prejudice to respondent because of the delay.

The doctrine of laches, being equitable in origin, requires a weighing of all the factors in each particular case. In these suits there is, on the one hand, the policy of the Carriage of Goods by Sea Act requiring notice of a suit within one year after the claim arises, and on the other hand, an unintentional omission by libellant's counsel, coupled with an apparent lack of prejudice to respondent from the delay. In these circumstances, the libels should not be dismissed.

The exceptive allegations are overruled without prejudice to respondent's right at the trial to put libellant to proof of the absence of actual prejudice by reason of the one year delay in giving notice of these suits. Settle order on notice.

---

2. Marshall v. International Mercantile Marine Co., 2 Cir., 1930, 39 F.2d 551, 552.

3. Cf. Anchor Line v. Jackson, 2 Cir., 1925, 9 F.2d 543.