218 F.2d 514
 INTERNATIO-ROTTERDAM, Inc., Petitioner,
v.
Honorable Roszel C. THOMSEN, United States District Judge
for the District of Maryland, and the United
States District Court for the District
of Maryland, Respondents.
GESAMER CORPORATION, Petitioner,
v.
Honorable Roszel C. THOMSEN, United States District Judge
for the District of Maryland, and the United
States District Court for the District
of Maryland, Respondents.
 Nos. 6855, 6856.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 8, 1954.
Decided Jan. 5, 1955.
 
 George W. P. Whip, Baltimore, Md., and Donald H. Serrell, New York City, in support of petitions.
 John H. Skeen, Jr., Baltimore, Md., in opposition to petitions.
 Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.
 PARKER, Chief Judge.
 
 
 1
 These are applications for writs of mandamus to require Judge Thomsen one of the District Judges of the District of Maryland, to accept jurisdiction in two suits in admiralty transferred to that district from the Southern District of New York and to grant to libellants such relief as may be proper in said suits. The suits were instituted in the Southern District of New York, to recover on account of the failure of the S. S. Karachi to deliver cargo. Both suits were filed within the twelve months period of limitation prescribed by bills of lading and the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1303(6); but process was not served because the Karachi was not found within the jurisdiction of the court. After the expiration of the limitation period, libellants learning that the Karachi was shortly to be at Baltimore, obtained an order transferring the suits to the District of Maryland where the vessel was seized under process issued by the District Court in that district. The owners of the vessel, appearing specially, excepted to the court's jurisdiction; and the District Judge, being of opinion that the District Court of the Southern District of New York was without power to transfer the cases and that the District Court for the District of Maryland was without power to issue process therein for the seizure of the vessel, filed an opinion stating that the proceedings would be dismissed unless the libellants should indicate that they desired that the suits be sent back to the Southern District of New York. This they have not done.
 
 
 2
 The principal question presented by the applications for mandamus is whether the District Court for the Southern District of New York had power, under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a), to transfer the proceedings in which process had not been served to another jurisdiction, so that process might be served and libellants be given relief with respect to their claims. We think that this question should be answered in the affirmative. The sections in question provide:
 
 
 3
 ' § 1404. Change of venue
 
 
 4
 '(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.'
 
 
 5
 ' § 1406. Cure or waiver of defects
 
 
 6
 '(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'
 
 
 7
 There can be no question, we think, but that these provisions of the Judicial Code apply to suits in admiralty as well as to other cases in the courts. Untersinger v. United States, 2 Cir., 181 F.2d 953; Orr v. United States, 2 Cir., 174 F.2d 577; Arrowhead Co. Inc., v. The Aimee Lykes, D.C., 101 F.Supp. 895; Crawford v. Ann Arbor Railroad Co., D.C., 94 F.Supp. 29; St. Paul Fire & Marine Ins. Co. v. American Mail Line Ltd., D.C., 94 F.Supp. 28. The Supreme Court, in Ex parte Collett, 337 U.S. 55, 58, 69 S.Ct. 944, 93 L.Ed. 1207, held that the words 'any civil action' in 28 U.S.C. § 1404(a) were used without qualification and applied to all civil actions.
 
 
 8
 As the suits were in admiralty, they might have been instituted in any district court of the United States. Jurisdiction over the person in suits in personam can be obtained, however, only by service of process within the district and jurisdiction in rem can be obtained only by seizure of property therein, and Admiralty Rule 22, 28 U.S.C. requires that libel in in rem proceedings allege that the property is within the district. It is proper to institute a suit in admiralty in a district in which there is no person who can be served with process and no property which can be seized, if it is made to appear that property which can be seized under process therein is expected to be within the district shortly;[1] ] and when suit is so instituted it constitutes the bringing of suit within the requirement of 46 U.S.C.A. § 1303(6) that suit be instituted within a period of one year, even though process is not issued until after the expiration of the one year period. Ore Seamship Corp. D/S A/S Hassel, 2 Cir., 137 F.2d 326, 329; United Nations Relief & Rehabilitation Administration v. Mormacmail, D.C., 99 F.Supp. 552, 554. When suit is so instituted, which has the effect of preserving the rights of libellant against the running of the statute, and the vessel does not appear in the district as anticipated but does appear or is expected to appear in another district, it seems clearly within both the letter and the spirit of 28 U.S.C. § 1406(a) to transfer the case, in the interest of justice, as having been brought in the wrong district, since the vessel cannot be served there and must be served before the case can proceed. We think, also, that the transfer falls within the letter and spirit of 28 U.S.C. § 1404(a) as being a transfer 'for the convenience of parties and witnesses, in the interest of justice.' If there had been a service of process, no one would contest the power of the court to make the transfer under this section. We think that the power is no less because process has not been served, when failure to make the transfer may result not only in inconvenience but also in denial of justice to one of the parties.
 
 
 9
 It is argued that no order transferring the cause can be entered until jurisdiction has been acquired by service of process in an action in personam, or by seizure of the res in an in rem action. This argument fails, however, to distinguish between acquiring jurisdiction over the proceedings commenced before the court and acquiring jurisdiction over person or property; and it is the former, not the latter, with which we are concerned here. Certainly the court has no power to enter judgment against person or property until process has been duly served, Pennoyer v. Neff, 5 Otto 714, 95 U.S. 714, 24 L.Ed. 565; but it by no means follows that it is without power to enter orders in the cause which are necessary to the maintenance of the litigation itself. Thus the power to enter temporary restraining orders is a power to preserve the status quo for the purposes of the litigation and the power to enter such orders in advance of the service of process is universally recognized. As we have seen, the filing of a suit in admiralty begins the litigation so far as the statute of limitations is concerned, in many cases, as here, a vital matter; and it is clear that, upon such filing, the court acquires jurisdiction to enter such orders as may be appropriate with respect to the issuance or service of process therein. If service of process can be had only if the cause is transferred to another district, we see no reason why it should not enter an order transferring it for that purpose; and we think that the power is granted by the statutes quoted above.
 
 
 10
 Squarely in point on the question here involved is the decision in Rinaldi v. The Elizabeth Bakke, D.C., 107 F.Supp. 975, 976. In that case libel in rem and in personam for cargo damage was filed in the Southern District of New York. Later it was discovered that the vessel had transferred operations to the Pacific and was not subject to arrest in New York. Libellants thereupon moved for an order transferring the in rem proceedings to the Northern District of California. Judge Kaufman verbally ordered the transfer, but, before the entry of a written order, the in rem respondent obtained a show cause order from Judge Dimock challenging the jurisdiction of the New York court and seeking dismissal of the libel. Judge Dimock held that the New York court had jurisdiction sufficient for entering the transfer order. Later the matter was heard before Judge Murphy of the Southern District of New York on motion to vacate the verbal order of Judge Kaufman, but this was denied and Judge Kaufman signed the transfer order. The cause was thereupon transferred and the vessel was duly attached by the marshal of the Northern District of California. The matter then came on for hearing before Judge Roche of that district on motion to dismiss the libel, exceptions to the libel and mandate to show cause why the attachment of the vessel by the Marshal of that district should not be vacated. Judge Roche sustained the transfer and refused to vacate the attachment.
 
 
 11
 It thus appears that four judges of the courts of the United States have upheld the power of the court to transfer a suit in admiralty in advance of service of process and in order that service of process may be had in the district to which it is transferred.[2] Certainly such transfer is in accord with modern standards of procedure, the purpose of which is to get away from time-consuming and justice-defeating technicalities and secure an adjudication of the rights of the parties by as direct and as expeditious a route as possible. The courts of the United States comprise one great system for the administration of justice. If a libellant has filed a libel in one district, thinking that a vessel will be found there, and later finds that the vessel is in another district where the libel could have been filed, there is no reason why the proceedings should not be transferred to the latter instead of being dismissed, with the necessity upon libellant of starting all over again. Especially is this true, where, as here, the new proceeding would be barred by the statute of limitations.
 
 
 12
 It is argued that mandamus is not an appropriate remedy but that libellants should seek review of the decision below by appeal. This would be correct if order had been entered below dismissing the libels, but this has not been done. Libellants have not indicated any consent that the cases be transferred back to the Southern District of New York and presumably will not do so, and the cases will eventually be dismissed under the order. We think, however, it would be an idle formality fraught with unnecessary delay to dismiss the present application or merely direct the entry of an order of dismissal so that libellants might appeal from it. We think that we should come at once to the real question at issue in the case so that litigation may go forward without needless delay. We can do this because of our power to issue the writ of mandamus in aid of our appellate jurisdiction. Schwab v. Coleman, 4 Cir., 145 F.2d 672, 678, 156 A.L.R. 355; American Chain & Cable Co. v. Federal Trade Commission, 4 Cir., 142 F.2d 909, 912. As we said in the case last cited: 'It is well settled that a court given power of review may by mandamus compel the court over which it is given such power to exercise its jurisdiction so that the power of review may not be defeated. See Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 25, 63 S.Ct. 938, 87 L.Ed. 1185; Adams v. United States, ex rel. McCann, 317 U.S. 269, 273, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435; McClellan v. Carland, 217 U.S. 268, 279, 280, 30 S.Ct. 501, 54 L.Ed. 762; In re Pennsylvania Co., 137 U.S. 451, 452, 11 S.Ct. 141, 34 L.Ed. 738; United States v. Malmin, 3 Cir., 272 F. 785.' See also International Nickel Co. v. Martin J. Barry, Inc., 4 Cir., 204 F.2d 583, 585; Clinton Foods, Inc., v. United States, 4 Cir., 188 F.2d 289, 292, certiorari denied 342 U.S. 825, 72 S.Ct. 45, 96 L.Ed. 624; Paramount Pictures, Inc., v. Rodney, 3 Cir., 186 F.2d 111, certiorari denied 340 U.S. 953, 71 S.Ct. 572, 95 L.Ed. 687; Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, certiorari denied 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624.
 
 
 13
 For the reasons stated, we are of opinion that Judge Thomsen was in error in declining to take jurisdiction in these cases and that he should proceed to take jurisdiction and pass upon them. It is clear, however, that his refusal to act was merely because of an erroneous view of the law applicable and that it will not be necessary that the writ of mandamus actually issue, now that this court has passed upon the questions of law involved. Order will accordingly be entered, in accordance with the practice followed in Schwab v. Coleman, supra, that petitioners are entitled to the writ, but the writ will not actually issue unless the court shall hereafter enter order to that effect.
 
 
 14
 Petitions granted.
 
 
 
 [1]
 A suit in admiralty must be distinguished in this respect from a civil action based on diversity of citizenship in which venue is limited by statute. In Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949, it was held that a plaintiff, after securing service of process in the district of defendant's residence, could not have the case transferred to the district of plaintiff's residence under 1404(a); but that case manifestly has no application here
 
 
 [2]
 Our attention is called to an unreported case in the Southern District of New York in which one of the judges refused to transfer an admiralty case to another jurisdiction on the ground that he did not have the power to do so. No opinion was filed in the case, however, and no formal order, and we do not know upon what reasoning the judge concluded that he was without power in the premises