## SUMITOMO SHOJI AMERICA, INC.

v.

## SS AURORA II, her engines, etc., et al.

### Civ. A. No. 70–H–1272.

United States District Court,
S. D. Texas,
Houston Division.

April 12, 1972.

R. M. Sharpe, Jr., McClure & Sharpe, Houston, Tex., for plaintiff.

J. E. Davey, Eikel & Goller, Houston, Tex., for defendants.

G. Byron Sims, Brown & Teed, Houston, Tex., for third party.

*Memorandum and Order:*

SINGLETON, District Judge.

Sumitomo Shoji America, Inc. (Shoji), plaintiff, has sued Toko Kaiun Kabushiki Kaisha (Toko) and the SS AURORA II (the ship) and Texports Stevedore Company, Inc. (Texports) for damages allegedly done to the welded steel pipe it had shipped on Toko's bill of lading from Wakayama, Japan, to Houston, Texas, arriving on October 8, 1969. Toko had an oral agreement with Texports Stevedore to unload the cargo. Shoji has settled its claim with its insurance carrier Toplis & Harding, Inc. Toplis has been subrogated to Shoji's rights.

On February 20, 1970, Toplis presented its claim to Toko, the carrier. When the claim was not settled by July 28, 1970, Toplis wrote a letter requesting permission to extend the time of filing suit until November 29, 1970. Toko granted this extension request. On November 24, 1970, some 43 days after the one year had run since the delivery of the cargo, Shoji did file suit against Toko, the AURORA, and Texports. Thereafter on January 15, 1971, Toko filed a third-party claim against Texports for indemnity.

This suit is factually very similar to its companion case Toyomenka, Inc. v. Toko Kaium Kabushiki Kaisha, D.C., 342 F.Supp. 292, also decided today. The only variance being that here the cargo plaintiff has sued the stevedore, Texports, directly and within the time extension granted by Toko. Texports and Toko have urged the same opposing arguments and defenses as those they presented in *Toyomenka, supra.* Upon considered review, this court adopts the opinion in *Toyomenka* as the memoran-

dum and order for this suit with an added note on the direct suit by cargo, Shoji.

Texports' third-party beneficiary rights are no greater in this case than in Toyomenka. Since it has not shown or proven any substantial change in its position or material prejudice, it also must be held to the extended time period for filing granted by Toko. Texports and other stevedores apparently want to gain certain advantages as third-party beneficiaries to bills of lading (e. g. the $500-a-package protection). If they seek those benefits then they must accept with grace the liabilities that may lie in waiting when another is permitted to contract on their behalf. The bill of lading in Clause 24 clearly gives Toko the right to so contract for the third-party stevedore: " . . . and the carrier shall be deemed to contract for the benefit of all such parties in this regard."

This extension of the immunities the stevedore seeks and which this court denies is not the same as an extension of the warranty of workmanlike performance now generally granted through the progeny of Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). It now seems unquestioned and unquestionable that a person owes ship, charter, cargo, and third parties the duty to perform his work in a safe and reasonable manner, i. e., the responsibility of warranting that one will be liable for any injury caused by his action. This is quite apart from the procedural rigors of the judicial process and its attempt to dispose of all litigation in an efficient and just manner. When a contracting party to the bill of lading is given the agency powers to vary a contract the courts should not interfere; especially when the very same conclusion would result in this case through the use of the Federal Rules.

Thus, in the instant case, Texports would be a party to the suit even if the third-party claim had not been filed, for as was set out in *Toyomenka,* Fed.R.

Civ.P. 14(c) would allow such a third-party suit filed on January 15, 1971, two months after the original suit was filed and three months after the original Cogsa one year limitation had run, because Texports has not successfully proven a laches defense.

Accordingly, Texports' motion for summary judgment is denied.