GREAT AMERICAN INSURANCE COMPANY, Plaintiff,
v.
THE VESSEL PACIFIC PRINCESS n/k/a PACIFIC ISLANDER,
her engines, tackles, etc., Defendant.

High Court of American Samoa
Trial Division

CA No. 85-81

December 7, 1982

MURPHY, Associate Justice.

The above captioned matter came before the court on cross motions for summary judgment. Plaintiff, having subrogated to the rights of its insured, seeks partial recovery. We do not reach all of the issues asserted because Defendant's motion and the opposition thereto is disposative. This action involves a contract for the carriage of goods by sea from a point in Australia to Guam and the Northern Marianas. The first count alleges damages in the amount of $7,500 for ruined chocolates. The second count alleges nearly $50,000 in damages for frozen meats that were destined for the Northern Marianas (Saipan) but which were destroyed in Guam due to spoilage occassioned by a malfunction of the container's refrigeration unit. The meat was in guam on or about June 3, 1980 and assertedly would have been shipped to the Northern Marianas through Kobe, Japan but for condemnation by Guam authorities. The third count alleges slightly less than $2,700 in damages for rice that was lost or delivered wet. The rice arrived or should have arrived at its Guam destination on or about June 3, 1980. In the instant case, the sole defendant is the vessel Pacific Islander (Pacific Princess before changing hands after the present claim arose).

This controversy is also the subject of suits filed in Guam and the Solomon Islands. After filing in those jurisdictions, Plaintiff was frustrated in its attempts to serve process on the vessel. An _in rem_ admiralty complaint was filed in this court on december 16, 1981 after Plaintiff learned that the vessel was or would come within the territorial waters of American Samoa. A warrant for the arrest of the ship was also issued on that date. Subsequently, the vessel posted bond and was released.

The issue before the court on Defendant's Motion for Summary Judgment

is whether the claim here is barred by the one year statute of limitations provision in the Carriage of goods by Sea Act, (hereafter "COGSA") 46 USCA section 1303(6). Plaintiff asserts that the time period was tolled by defendant's actions and that otherwise the process and bond should be transferred to the Territory of Guam where the action was timely filed so that it may be considered on its merits.

We note jurisdiction and hold that the instant claim is time barred by COGSA. The cause shall be dismissed and the bond returned to the vessel unless a party hereto dilligently requests an order that will effect a joinder of the service perfected here and a timely filed claim in another jurisdiction.

Jurisdiction as to _in rem_ admiralty proceedings is conferred upon the High Court of American Samoa by a circuitous route. Federal district courts have original and exclusive jurisdiction over "(a)ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 USCA 1333(1). The "saving to suitors" clause operates to grant state and territorial courts concurrent jurisdiction with Federal courts over _in personam_ admiralty proceedings. See _Madruga v. Superior Court of California in and for the County of San Diego_, 346 U.S. 556, 560 (1954); _Meaamaile v. American Samoa_, 550 F. Supp. 1227 (D. Hawaii 1982); _The Vessel Fijian Swift v. Trial Division, High Court of American Samoa_, 4 ASR 982 (1975). Once the Plaintiff chooses a state or territorial forum, the cause may be removed pursuant to 28 USCA section 1441, upon Defendant's motion, to the district court of the place where the complaint was filed. _See. eg._, _Commonwealth of Puerto Rico v. Sea-Land Service, Inc._, 349 F.Supp. 964 (D. Puerto Rico, 1970).

Contrarily, _in rem_ admiralty jurisdiction may be exercised only in those courts that are established pursuant to Article III of the United States Constitution and those courts as to which Congress has granted such authority. _See The "City of Panama v. Phelps_, 101 U.S. 453 (1879); _United States v. Cantor_, 26 U.S. 511 (1828); _Meamaile_, _supra_. The only Congressional act relating to the goverance of American Samoa is 48 USCA 1661, which provides in part that all judicial powers "shall be vested in such person or persons and shall be exercised in such manner as the President of the United States shall direct." 48 USCA 1661(c). Pursuant thereto, the President has vested power over the judiciary of American Samoa in the Secretary of the Department of the Interior. The Secretary has delegated to American Samoa authority to establish a constitution and laws thereunder. This has been done and the Fono has enacted a provision granting jurisdiction in the High Court of American Samoa over _in rem_ admiralty proceedings. 3 ASCA Section 3.208. The same has been approved by the Secretary of Interior and held to be a proper grant of admiralty competence. _Meaamaile_, _supra_.

We turn now to Defendant's averment that the instant claim is time barred by the one year COGSA limitations period. Application of COGSA is mandatory here as in any case involving the shipping of goods by sea between a foreign port and a port of the United States or its Terrritories. 46 USCA 1312. Moreover, the limitations period must be strictly enforced. COGSA derives from the Hague Rules of 1921 approved by the Brussels Convention of 1922-24 and has been adopted by nearly every major shipping nation for the express purpose of providing uniformity in international law. _Fireman's Inc. Co. of Neward, N.J. v. Gulf Puerto Rico Lines_, 349 F. Supp. 952, 955 (1972). Courts have uniformly dismissed cases brought beyond the statutory period without regard to the carrier's lack of diligence or the merits of the claim. E.g. _Medina v. South & Caribbean Line, Inc._, 342 F. Supp. 498 (D.

Puerto Rico 1972); American Tobacco Co. v. Transport Corp., 277 F. Supp. 457 (D. Va. 1967). In M.V.M. Inc. v. St. Paul Fire & Marine Insurance Co., 156 F. Supp. 879 (S.D. NY 1957), the court stated that the effect of the time bar isabsolute, extinguishing the remedy itself. Id. at 833. The M.V.M. court cited Midstate Horticultural Co. v. Pennsylvania RR. Co., 320 U.S. 356 (1943), which was decided under a time-for-suit clause of the Interstate Commerce Act exactly like COGSA's. Midstate defined the effect of the clause as that of the caducity clause in R.P. Farnsworth & Co. v. P.R. Urban Renewal & Housing Corp., 289 F. Supp. 666 (D. DC 1968): "It admits no interruption, that is, its extinguishing effect or barring effect is absolute and runs automatically with time." Further, the statute of limitations continues to run even if "the owners of the vessel kept it 'hidden' and changed her ownership and name in order to avoid, if possible, its being libelled." Rayon Y. Celanese Peruana, S.A. v. M/V Pugh, 471 F. Supp. 1363, 1372 (S.D. NY 1979).

There does appear, nevertheless, to be two situations in which the limitation period will be tolled. The first is where the carrier actually promises the prospective plaintiff, unequivically, that its claim would be paid and then fails to do so. Lindsay v. Kissinger, 367 F. Supp. 949 (S.D. NY 1973). The second involves an agreement to extend the time for suit or which other encompasses consent to be sued beyond the statutory period. Toyomenka, Inc. v. Toko Kaiun Kabushiki Kaisha, 342 F. Supp. 292 (S.D. Tex. 1972); Sumitomo Shoji America, Inc. v. SS Aurora II, 342 F. Supp. 298 (S.D. Tex. 1972). Neither situation arises under the facts of the case at bar.

Although the date on which the goods which are the subject of Plaintiff's claim were or should have been delivered has not been adequately briefed by counsel as to all of the counts in the complaint, this fact does not militate against our conclusion that the time bar is herein applicable. The cases have construed COGSA's "were or should have been" language to mean the earlier of the two dates upon which delivery was effected or anticipated. See Cerro Sales Corporation v. Atlantic Marine Enterprises, 403 F. Supp. 562 (S.D. NY 1975); Western Gear Corporation v. States Marine Lines, Inc., 362 F.2d 328 (9th Cir. 1966). As such Plaintiff's cause of action accrued sometime in June or July, 1980 at the very latest. The claim was filed in this court approximately a year and a half thereafter, well beyond the one year statute of limitations. Similar claims were filed in the district court for the District of Guam 9 and 12 months thereafter, presumably within the one year statute of limitations.

While it is clear that a suit in admiralty is commenced by the filing of a libel, United Nations Relief and Rehabilitation Administration v. the Mormacmail, 99 F. Supp. 552, 554 (S.D. NY 1951); Ore Steamship Corp. v. D/S A/S Hassel, 137 F.2d 326 (2d Cir. 1942); 2 Benedict, Admiralty, section 276 (6th ed. 1940), it is equally clear that the filing of a libel in one jurisdiction does nothing to toll the statutes in another. Hugo Stinnes Steel & Metals Co. v. Oldendorff, 372 F.Supp. 705 (D.C. Ga. 1974). These were, in fact, the precipitating of the court's decision in Internatio-Rotterdam, Inc. v. Thomsen, 218 F.2d 514 (4th Cir. 1955).

In Rotterdam, Plaintiff brought suit in New York against a vessel, alleging a breach of their shipping contract. Although the libel action was filed within the limitations period, the vessel was not arrested because it could not be found within the court's jurisdiction. After the expiration of the one year period, the libellants learned that the vessel would shortly be in Baltimore, and upon their motion the New York court transferred the action there as it was impossible to file in the latter jurisdiction within the time provided. Upon the vessel's motion, Judge Thomsen dismissed the

claim in his court, believing that the New York court was without authority to transfer the suit to Maryland. A mandamus proceeding was then brought before the fourth circuit, seeking to compel Judge Thomsen to accept jurisdiction. Id. at 515.

The circuit court first noted that while Admiralty Rule 22 (28 USC), requires an allegation that the property to be libeled is within the district, the requiredment is satisfied if the property is expecxted to be there, thereby preventing a 46 USCA 1303(6) time forfeiture. Id. at 515-16. The court then held that a transfer pf actopms among district courts in order to preserve an in rem admiralty claim and obtain service of process therefor is within both the letter and spirit of the federal venue statutes, 28 USC 1404(a) and 1406(a). Id. at 516. See also Rinaldi v. The Elizabeth Bakke, 107 F. Supp. 975, 976 (D. DC 1952). The court thus ordered Judge Thomsen to accept jurisdiction. The facts in the instant case are very much like those in Rotterdam, except that Plaintiff, in opposing defendant's motion for summary judgement, seeks a reverse Rotterdam transfer, and asks this court to transfer the process to the court where the action was timely filed. Plaintiff's point is well taken. There is language in Rotterdam suggesting that approach:

> "...and the district judge ...[of the transferee district
> where the action was time-barred but where service had
> been perfected] ...filed an opinion stating that the
> proceedings would be dismissed unless the libellants
> should indicate that they desired that the suits be sent
> back to the Southern District of New York." Id. at 515.

The libellants did not do so,id., and the Rotterdam holding resulted. We note that Rotterdam was criticized by the court in Goldlawr v. Heiman, 288 F. 2d 579 (2d Cir. 1961), and given no impact beyond its facts. Goldlawr was later reversed, however, by the United States Supreme Court, Goldlawr v. Heiman, 369 U.S. 463 (1962), because it conflicted with Rotterdam. Id. at 465, text and note 8. By implication, Rotterdam's holding was affirmed by the Court and its vitality has not since been questioned.

While no remedy can be obtained on the time-barred suit filed here, we are not unmindful of the difficulties that can ensue from the inherent mobility of vessels and the strict procedural rules relating to in rem service of process. Although much of the Plaintiff's claim is of doubtful merit, in that it asserts liability on the part of the carrier for a defect in the shipper's (plaintiff's insured) container, every cause should have a forum. Rotterdam was intended to achieve that end as to in rem admiralty proceedings and is therefore persuasive here. But for its holding, Defendant in the instant case conceivably could frustrate any decision on the merits of plaintiff's claim indefinitely, a result we are loathe to endorse.

Having concluded that a Rotterdam transfer is the proper vehicle with which to obtain a decision on the merits in the case at bar, and having also concluded that the transfer might be ordered in either direction, we note that the transfer in Rotterdam was effected between district courts. 218 F.2d at 515. An issue is thus presented regarding whether this court might participate in such a transfer.

The High Court of American Samoa clearly is not a district court, Meaamaile v. American Samoa, 550 F. Supp. 1227 (D. Hawaii 1982), but this not end the inquiry. We are perhaps the only "non-Article III" court which has been authorized by Congress, albeit indirectly, to hear in rem admiralty cases. Meaamaile, supra. District courts are distinguished from other

courts by their jurisdiction, particularly, by their exclusive jurisdiction as to _in rem_ admiralty cases. <u>Madruga</u>, <u>Supra</u>. As to such cases, this court has been authorized to wear a federal robe because American Samoa is a United States Territory without the jurisdiction of any United States District Court. See <u>Meaamaile</u>, <u>supra</u>. Therefor we are a district court as to _in rem_ admiralty proceedings and for purposes of a <u>Rottendam</u> transfer.

For the reasons foregoing, we hold that the untimely claim filed here cannot provide relief but also that service of process was properly perfected in this jurisdiction. It is our intention to dismiss the cause and return the bond to the vessel unless, upon prompt motion of either party, this court is requested to transfer the bond and process perfected here to the district court for the District of Guam or to receive the action timely-filed in Guam per order of that Court.

WHEREFORE IT IS ORDERED that Plaintiff take nothing by virtue of the complaint hereto pertaining. IT IS FURTHER ORDERED that Defendant's property be retained subject to a motion to transfer bond to the United States District Court for the District of Guam, provided, however, that if such motion is not filed within 30 days, the bond shall be returned to Defendant, except as hereinafter indicated. IT IS FURTHER ORDERED that Defendant's property be retained to preserve and vindicate a motion to the District Court for the District of Guam to transfer proceedings there filed against defendant to this court, provided, however, that if such motion is not filed within 30 days, the bond shall be returned to Defendant, except as herein before indicated.