**NORFOLK SHIPBUILDING AND DRY-DOCK CORPORATION, Plaintiff,**

v.

**USNS TRUCKEE, in rem, and the United States of America, in personam, Defendants.**

**Civ. A. No. 84–756–N.**

United States District Court, E.D. Virginia, Norfolk Division.

Aug. 14, 1985.

G.W. Birkhead, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for plaintiff.

Michael A. Rhine, Asst. U.S. Atty., Norfolk, Va., and Damon C. Miller, Trial Atty., Torts Branch, Civil Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## ORDER

DOUMAR, District Judge.

This is an admiralty and maritime action brought pursuant to the Suits in Admiralty Act, 46 U.S.C. 741, *et seq.*, and the Public Vessels Act, 46 U.S.C. 781, *et seq.*, by Norfolk Shipbuilding and Drydock Corporation (Norshipco) against the United States to recover the costs of repairs made on a Navy vessel under an alleged contract.

The plaintiff elected to proceed both *in personam* and *in rem* against the United States. 46 U.S.C. § 743; Supplemental Admiralty and Maritime Rule C(1). The *in personam* claim is DISMISSED without prejudice for failure to file with the contracting officer, as required by the Contract Disputes Act, 41 U.S.C. § 605. The *in rem* claim is also DISMISSED without prejudice for failure to serve the vessel by the date set for trial.

When the plaintiff elects to proceed *in rem* under the Suits in Admiralty Act, the vessel must be in the United States or its territorial waters in order for the Court to have jurisdiction. *Blamberg Brothers v. United States*, 260 U.S. 452, 43 S.Ct. 179,

67 L.Ed. 346 (1923); *Everett Steamship Corp. v. Liberty Navigation and Trading Co., Inc.,* 486 F.2d 462, 464 (9th Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1563, 39 L.Ed.2d 872 (1974).

 If the vessel is absent from the United States, a plaintiff may file suit nonetheless and request the Court to hold service of process in abeyance until the vessel returns. Supplemental Admiralty and Maritime Rule E(3)(b). However, this request can be granted only if it is clear that the vessel will be within the Court's jurisdiction "shortly". *Internatio-Rotterdam, Inc. v. Thomsen,* 218 F.2d 514, 515 (4th Cir.1955); Supplemental Admiralty and Maritime Rule C(2) (complaint must allege that the property is within the court's jurisdiction or will be during the pendency of the action). Filing alone will commence the suit and toll the statute of limitations, *Internatio, supra,* 218 F.2d at 516; *United Nations Relief & R. ADM. v. The Mormacmail,* 99 F.Supp. 552 (S.D.N.Y.1951) but the vessel must be served before the Court can issue a dispositive order. *Internatio, supra,* 218 F.2d at 516, *cf. Pennoyer v. Neff,* 5 Otto 714, 95 U.S. 714, 24 L.Ed. 565 (1877).

In the instant action, the plaintiff waited until the day before trial to request the Court to hold service in abeyance. This was after the plaintiff learned that the *in personam* suit must be dismissed. This case had been proceeding smoothly towards trial. The complaint was filed on November 29, 1984. Counsel met in chambers on February 21, 1985 for an initial pre-trial conference. By July 26, 1985, discovery was complete; and the attorneys met again for a final pre-trial conference. In the final pre-trial order, the parties stipulated to certain facts and set out the facts in dispute. Everything was ready for trial, which was set for August 7, 1985. On August 6, the day before trial, plaintiff acknowledged that the vessel had still not been served and requested a stay in order to perfect service when it was learned that the Court lacked jurisdiction of the *in personam* action.

The vessel must be within the Court's jurisdiction "shortly" and this must be soon after suit is filed and certainly within the time before the date scheduled for trial. The motion comes too late and the *in rem* claim must be DISMISSED.

Accordingly, this case is DISMISSED without prejudice.

IT IS SO ORDERED.