**BLACKHAWK INDUSTRIES, INC., Plaintiff,**

v.

**James G. BONIS, d/b/a Pyramont North America, Defendant.**

**James G. Bonis, d/b/a Pyramont North America, Counter–Claimant,**

v.

**Blackhawk Industries, Inc. Counter–Defendant.**

**No. 2:02–CV–659.**

United States District Court, E.D. Virginia, Norfolk Division.

Jan. 9, 2003.

---

**3.** *See supra* note 2.

Robert A. Rowan, Esquire, Stanley C. Spooner, Esquire, Nixon & Vanderhye, Arlington, Thomas B. Kelly, Esquire, Bowman, Green & Kelly, PLLC, Chesapeake, for Plaintiff Counsel.

Michael R. Katchmark, Esquire, Willcox & Savage, P.C., Norfolk, Peter H. Bonis, Esquire, Marc Elliott Hankin, Esquire, Gordon & Rees, LLP, San Francisco, CA, James D. Kole, Esquire, Nixon Peabody, LLP, Rochester, NY, for Defendant Counsel.

### OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on defendant James G. Bonis' ("Bonis") cross-motion to transfer all copyright claims and counterclaims to the Western District of New York, or in the alternative for a preliminary injunction.

On August 16, 2002, Blackhawk Industries, Inc. ("Blackhawk") filed a complaint seeking, *inter alia*, a declaration of title to copyrights, and alleging copyright misuse.[1] In his answer, filed October 11, 2002, Bonis is advanced a counterclaim asserting several claims, including copyright infringement.[2] Blackhawk filed a motion for a preliminary injunction on November 5, 2002. Bonis replied on November 12, 2002, also submitting a cross-motion to transfer all copyright claims and counterclaims to the Western District of New York, or in the alternative for a preliminary injunction. Blackhawk replied to the responses.

For the reasons stated below, Bonis' motion to transfer is **DENIED**, and the court reserves judgment on the motion for a preliminary injunction until the matter can be argued before the court, in conjunction with Blackhawk's motion for a preliminary injunction.

■ Transfer is authorized under 28 U.S.C. § 1404(a), which states that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The burden is on the movant to show that a transfer is proper. *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F.Supp. 582, 592 (E.D.Va.1992).

■ The initial question in this matter is whether Blackhawk's copyright-related claims and Bonis' counterclaim could have been brought in New York. In the pleadings, the parties acknowledge that Blackhawk is a corporation organized and existing under the laws of Virginia, with its principal place of business in Norfolk, Virginia, and that Bonis resides in Rochester, New York, and does business under the name Pyramont North America, operating out of the same city. Claims could, there-

---

1. Blackhawk manufactures tactical nylon products for distribution and sale to military and police organizations. The products include items such as gloves, hydration systems, vests, backpacks, holsters, and clothing.

2. Bonis operates a firm offering advertising and marketing services, including catalog design and production.

fore, have been filed against Bonis in his home district, the Western District of New York. Furthermore, it would be reasonable for the New York district court to exercise jurisdiction in the matter. Therefore, the copyright claims and counterclaims would meet the eligibility criteria for transfer as set out in 28 U.S.C. § 1404(a).

The analysis does not end there, however. The court must also determine whether transfer would be "for the convenience of the parties and witnesses" and "in the interest of justice." *Id.* The statute leaves this decision to the court's discretion, as it states that the court "may transfer." 28 U.S.C. § 1404(a). *See also Verosol,* 806 F.Supp. at 592 (citing *Southern Ry. Co. v. Madden,* 235 F.2d 198, 201 (4th Cir.1956)) ("The decision whether to transfer an action [under § 1404(a) ] is committed to the sound discretion of the district court."). There are a number of factors that the court should consider in making a determination regarding transfer of an action. These include ease of access to sources of proof; the convenience of the parties and witnesses and the costs associated with the attendance of witnesses; the interest in having local controversies decided at home; and the interests of justice. *Cognitronics Imaging Sys. v. Recognition Research Inc.,* 83 F.Supp.2d 689, 696 (E.D.Va.2000). "[P]laintiff's choice of forum is entitled to substantial weight, especially where plaintiff chooses his home district." *Chedid v. Boardwalk Regency Corp.,* 756 F.Supp. 941, 945 (E.D.Va.1991). Blackhawk is located in Norfolk, Virginia; therefore, it has filed the claims against Bonis in its home district.

In support of his motion to transfer, Bonis asserts that the claims were improperly brought, as 17 U.S.C. § 411 requires Blackhawk to file for a copyright before pursuing an action for infringement. He also argues that the balance of conveniences calls for splitting off all copyright-related claims and transferring them to New York. He alleges that the works at issue were created in New York and that all of the original copyrighted works and preparatory materials are in New York, making evidence-gathering easier in that forum. Finally, Bonis asserts that the interests of justice support the transfer, arguing that Blackhawk acted in bad faith when it filed the copyright actions.

The code section at issue states that "no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411. Blackhawk argues that the claim it has advanced is not an infringement claim. Instead, Blackhawk states that it seeks to clarify the ownership and right to use the material in question. Bonis currently holds the copyrights at issue, and he has filed a counterclaim for infringement.

If the claims at issue were improperly brought, as Bonis alleges, the appropriate remedy is dismissal, not transfer. Bonis mentions dismissal but fails to advance any arguments for this remedy. Nor does he present any caselaw on the interpretation of 17 U.S.C. § 411 to support his assertion that the case is improperly brought. A motion to transfer is not the proper forum in which to argue that the claims are improper, and this court will not grant a transfer on that basis. If Bonis wishes to pursue the allegations that the claims should be dismissed, he may do so in an appropriate motion or at trial, with evidence and argument focused on that issue.

The balance of conveniences test does not weigh in favor of transfer, either. Bonis asserts that the copyrighted materials and supporting documentation are in New York. However, significant events occurred in Virginia, as well. Bonis admits

that annual photo shoots were conducted in Virginia. He also credits Blackhawk employees with assisting in writing the text for the catalogs. Witnesses will certainly be required from both localities. Bonis fails to demonstrate that the balance of conveniences weighs in favor of the New York venue.

Finally, Bonis argues that the interests of justice require the transfer, asserting that Blackhawk acted in bad faith by filing the claims. The case cited by Bonis in support of this argument involves a company filing for a declaratory judgment while settlement negotiations were underway. *See Bausch & Lomb Inc. v. Alcide Corp.,* 684 F.Supp. 1155, 1159–60 (W.D.N.Y.1987). The court found these "Pearl Harbor tactics" to be contrary to the good faith negotiation inherent in the notion of justice. *Id.* However, Bonis offers no evidence that settlement negotiations were underway; the only items of evidence available to the court that even tangentially suggest any sort of negotiation are two e-mails from Bonis to Mike Noell, President and CEO of Blackhawk. (*See* Ex. C & D to Mem. Supp. Pl. Mot. Extend and Expand TRO, filed October 28, 2002.) Furthermore, these e-mails were not even presented as evidence of any sort of negotiation by Bonis; indeed, Bonis does not offer any evidence of any ongoing attempts to settle at the time Blackhawk filed the instant action. Mere vague allegations of bad faith are certainly insufficient to demonstrate that the interests of justice require a transfer of the claims at issue.

As to the counterclaim for infringement, Bonis elected to file in this court, acknowledging the jurisdiction of the court, and Blackhawk has answered. The court will therefore maintain jurisdiction of the counterclaim as well.

For the reasons stated above, the court **DENIES** defendant's motion to transfer the copyright-related claims and counterclaims and reserves judgment on the motion for a preliminary injunction until the matter can be argued before the court, in conjunction with plaintiff's motion for a preliminary injunction.

The Clerk is **DIRECTED** to forward a copy of this order to counsel for both parties.

**IT IS SO ORDERED.**