**THE HANOVER INSURANCE COMPANY, Plaintiff,**

v.

**PAINT CITY CONTRACTORS, INC., GSPM Corporation, Georgios P. Forakis, Stavroula Forakis, and Panagiotis Forakis, Defendants.**

No. 2:03CV723.

United States District Court,
E.D. Virginia.
Norfolk Division.

Jan. 7, 2004.

F. Joseph Nelson, Esquire, Constantinos G. Panagopoulos, Esquire, Marina K. Bowsher, Esquire, Elizabeth G. Moulds, Esquire, Ballard, Spahr Andrews & Ingersoll, Washington, DC, Counsel for Plaintiff.

Shannon J. Briglia, Esquire, Lauren P. McLaughlin, Esquire, Wickwire Gavin, P.C., Vienna, Counsel for Defendants: Paint City Contractors, GSPM Corporation, and Panagiotis Forakis.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on the motion of defendants Paint City Contractors, Inc., GSPM Corporation, and Panagiotis Forakis to transfer venue to the United States District Court for the District of Maryland. For the reasons stated below, defendants' motion is **DENIED**.

This lawsuit arises out of a contract between the United States Department of the Navy ("the Navy") and defendant Paint City Contractors, Inc. ("Paint City") to repair and paint eight oil tanks owned by the Navy and located in Portsmouth, Virginia. Plaintiff Hanover Insurance Company ("Hanover") issued a performance bond ("Bond") guaranteeing Paint City's performance under the contract in May, 1997. As a condition of the Bond, all defendants entered into an indemnity agreement with Hanover, promising to hold Hanover harmless against costs in-

curred in the event that Paint City did not complete the contract. On July 30, 2002, the Navy terminated Paint City's right to proceed with the contract to repair and paint the tanks, allegedly for deficient performance. Hanover alleges that the Navy then made a demand on the Bond, and that Hanover retained an expert to investigate the Navy's claim, sought bids to correct the deficiencies, and tendered an alternate contractor to paint and repair the tanks. The difference between the cost of hiring the alternate contractor and the unpaid balance of the contract price was allegedly $1,654,900.

On October 10, 2003, Hanover filed a two-count complaint in the above-captioned matter, seeking $1,654,900 in damages for breach of the indemnity agreement and a declaration that defendants are under a continuing duty and obligation to compensate Hanover for any additional costs it incurs under the Bond. Jurisdiction is based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. Hanover is a New Hampshire company with its principal place of business in Massachusetts. Defendants Paint City and GSPM Corporation are Maryland corporations with their principal places of business in Maryland. Panagiotis Forakis is a resident of Maryland. Hanover alleges that in the indemnity agreement, Georgios and Stavroula Forakis, Panagiotis's parents, listed their address as 427 Folcroft Street, in Baltimore, Maryland.[1]

On November 17, 2003, defendants Paint City, GSPM Corporation, and Panagiotis Forakis filed an answer to the complaint, a motion to transfer venue, and a memorandum in support of its motion. In their answer, defendants admit that Paint City entered into the contract with the Navy, that Hanover issued the Bond in connection with Paint City's obligations under the contract, that defendants entered into an indemnity agreement with Hanover in connection with the Bond, and that the Navy terminated Paint City's right to proceed with the contract on July 30, 2002. Defendants dispute the alleged damages incurred by Hanover as a result of the Bond and argue that Hanover did not exercise good faith and diligence in investigating and reviewing Paint City's termination. On November 26, 2003, Hanover filed a brief in opposition to defendants' motion to transfer. The time for defendants to file a reply has lapsed. The motion is ripe for review.

■■■ Title 28 U.S.C. § 1404(a) states that "for the convenience of the parties and witnesses, in the interest of justice, a district court *may* transfer any civil action to any other district or division where it might have been brought." (emphasis added). The burden is on the movant to show that a transfer is proper. *Cognitronics Imaging Sys. v. Recognition Research Inc.,* 83 F.Supp.2d 689, 696 (E.D.Va.2000). Plaintiff's choice of venue is entitled to substantial weight, unless plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum. *Id.* In deciding whether to transfer, the court considers a number of factors, including: (1) ease of access to sources of proof; (2) the convenience of the parties and witnesses and the costs associated with the attendance of witnesses; (3) the interest in having local controversies decided at home; and (4) the interests of justice. *Id.*

---

1. Georgios and Stavroula Forakis have not been served. This lack of service is no impediment to the current motion to transfer venue. Service of process on all named defendants is not a prerequisite to the court's power to transfer. *See Internatio–Rotterdam, Inc. v. Thomsen,* 218 F.2d 514, 516 (4th Cir.1955).

■ All defendants are residents of Maryland.[2] Accordingly, this lawsuit could have been brought originally in the District of Maryland pursuant to 28 U.S.C. § 1391(a)(1) and is eligible for transfer to that district under 28 U.S.C. § 1404(a). Nevertheless, under the factors set forth above, this court declines to transfer this lawsuit to the United States District Court for the District of Maryland. First, though Hanover is not incorporated in Virginia and does not have its principal place of business here, the cause of action arose in large part from the alleged failure of Paint City to perform under its contract with the Navy to paint eight oil tanks located in Portsmouth, Virginia, which is in the Eastern District of Virginia and within a few miles of the courthouse in Norfolk, Virginia. This cause of action has a significant relationship to the forum district. Thus, plaintiff's choice of forum is entitled to substantial weight.

Further, ease of access to sources of proof weighs in favor of this court entertaining the suit. Though it appears that the Bond was negotiated, drafted, and executed in Maryland and Massachusetts, the existence and enforceability of the Bond do not appear to be at issue. Rather, the disputed factual issues in this case center around whether Hanover failed to conduct a good-faith investigation into Paint City's termination, and what damages, if any, Hanover incurred as a result of Paint City's alleged failure to perform under the contract with the Navy. The relevant evidence is likely to include documents and witness testimony concerning the alleged failure of Paint City to perform under the contract, the amount of money invested in finding and hiring the alternate contractor, and any other costs associated with satisfying the Bond. Relevant documents are no doubt located in a variety of geographic locations, including Virginia, Maryland, Massachusetts, and New Hampshire. There is no reason to suspect that virtually all of these documents are located in one location, and particularly no reason to suspect that they are mostly located in Maryland. The relevant documents are more likely in the possession of Hanover, the Navy, the alternate contractor, and any independent party hired to investigate Paint City's performance. Moreover, as compared to witnesses, documents are relatively inexpensive to transport from one forum to another. On the other hand, non-party witnesses such as the Naval officers responsible for overseeing the repair and painting of the tanks, the investigators Hanover allegedly hired, and the alternate contractor allegedly tendered by Hanover, are likely to be concentrated in and around the Portsmouth, Virginia, area. Thus, ease of access to sources of proof weighs against a transfer from the Eastern District of Virginia.

Defendants vigorously argue that convenience weighs heavily in favor of transfer and that this court is not as accessible as the District Court for the District of Maryland in Baltimore. Their arguments are not persuasive. First, defendants can hardly claim that their own attendance at a trial in this court would be overly burdensome considering that they entered

---

**2.** On December 18, 2003, Hanover filed a motion for service by publication, indicating that Georgios and Stavroula Forakis may be living in Greece. The complaint alleges that they are residents of Baltimore, Maryland. Moreover, in a November 14, 2003 affidavit supporting defendants' motion to transfer venue, Panagiotis Forakis states under penalty of perjury that his parents are residents of Baltimore, Maryland. (Aff. of Panagiotis Forakis in Support of Mot. to Transfer Venue ¶ 6.) Based on the allegations in the complaint and Panagiotis Forakis's sworn statement, the court assumes for purposes of deciding this motion that Georgios and Stavroula Forakis continue to be residents of Maryland.

into a multi-year contract with the Navy to paint and repair eight oil tanks located a short distance from the federal courthouse in Norfolk, Virginia. Second, the argument that transfer may be warranted because Norfolk is more difficult to access than cities near major airport hubs has appropriately been rejected by a court of this division as factually and legally unsupported. *See Intranexus, Inc. v. Siemens Med. Solutions Health Servs. Corp.*, 227 F.Supp.2d 581, 584–85 (2002) (Jackson, J.) (rejecting argument that venue should be transferred to Eastern District of Pennsylvania based on greater availability of flights into Philadelphia). Section 1404(a) was not intended to create a bias toward transferring trials to districts encompassing commercial airline hub airports. The Norfolk area is serviced by two international airports, as well as a number of other forms of transportation. Further, the parties have indicated that they intend to call non-party witnesses from a variety of locations, including southeastern Virginia, North Carolina, Georgia, and Florida. It will be less expensive for the non-party witnesses in southeastern Virginia to attend trial in Norfolk than to attend trial in Maryland. The cost of transporting the out-of-state witnesses to the Norfolk area is not substantially greater than transporting them to Maryland, if the transportation costs are greater at all. There is no other reason to suspect that the cost of producing these out-of-state witnesses for trial in Norfolk, Virginia, is any greater than producing them for trial in Baltimore, Maryland. Thus, the convenience of the parties and witnesses and the costs associated with the attendance of witnesses weigh in favor of a trial in this court.

In addition, the Eastern District of Virginia is home to the controversy giving rise to this cause of action and has an interest in a local trial. As previously stated, though the Bond was executed elsewhere, the controversy concerns what damages arose from Paint City's alleged failure to perform under the contract and Hanover's alleged failure to adequately investigate Paint City's termination prior to satisfying the Bond. All damages arising out of Paint City's alleged failure to repair and paint the tanks occurred in the Eastern District of Virginia. Any detriment to the Navy caused by Paint City's alleged failure to perform under the contract was felt here. Paint City's right to perform under the contract was terminated here. Hanover's alleged failure to conduct a good-faith investigation into that termination occurred here. The controversy is therefore one that this locality has an interest in seeing adjudicated.

Finally, the interests of justice do not favor a trial in the District of Maryland over a trial in the Eastern District of Virginia, and therefore this factor is not a reason for the court to order transfer. Defendants do not assert that Hanover filed suit in this court in bad faith, *see Blackhawk Indus. v. Bonis,* 238 F.Supp.2d 748, 751 (E.D.Va.2003), that docket considerations favor transfer to Maryland, *see Telepharmacy Solutions, Inc. v. Pickpoint Corp.,* 238 F.Supp.2d 741, 743–44 (E.D.Va. 2003), or that there is any other legitimate fairness concern that weighs in favor of transfer in this case.

For the reasons stated above, defendants have not met their burden of showing that venue should be transferred from the court in which Hanover chose to file suit. Accordingly, defendants' motion to transfer is **DENIED**. The Clerk is **DIRECTED** to send a copy of this Opinion and Order to counsel for all parties.

**IT IS SO ORDERED.**